Filing # 109892308 E-Filed 07/07/2020 03:26:55 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,                 Case No.: 50-2020-CA-007051-XXXX-MB

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

      Defendant.
_____/

## CORRECTED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALAN GELBSTEIN (hereafter referred to as "GELBSTEIN,") hereby sues Defendant, COSTCO WHOLESALE CORPORATION, a Foreign for-Profit Corporation (hereafter referred to as "COSTCO"), and alleges:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. This is an action for damages in excess of $30,000.00.

2. At all times material hereto Plaintiff, ALAN GELBSTEIN, was and is a resident of Brooklyn, Kings County, New York and is other was *sui juris*.

3. At all times material hereto, Defendant, COSTCO WHOLESALE CORPORATION, was and is a foreign for profit corporation, legally operating within the State of Florida.

4. At all times material hereto, Defendant COSTCO, owned, controlled, operated and maintained the commercial property located at 17800 Congress Avenue, Boca Raton, 33487 Palm Beach County, Florida, (hereafter referred to as "subject premises"), in the normal course of its business operations and activity.

5. Venue is proper in this Court pursuant to Florida Statutes Section 47.011 in that the cause of action accrued in Palm Beach County, Florida.

## COMMON BACKGROUND AND FACTUAL ALLEGATIONS

6. At all times material hereto, Defendant COSTCO owned and operated the subject premises, described in paragraph four (4), in the normal course and scope of its commercial activity.

7. At all times material hereto, the subject premises were open to patrons, invitees and the public as a retail location in the normal course and scope of Defendant COSTCO'S commercial activity.

8. At all times material hereto, Defendant COSTCO owed a non-delegable duty to ensure the safety of its premises by protecting patrons, invitees and the general public from reasonably foreseeable harm while on its property.

9. On November 3, 2019, Plaintiff GELBSTEIN was a patron of Defendant COSTCO at the subject premises.

10. On the above date of incident, Plaintiff GELBSTEIN exited the retail store and walked through the parking lot in his usual manner to his parked vehicle.

11. At such time and place, Plaintiff GELBSTEIN tripped and feel on a deep, unmarked, and concealed pot-hole that had pooled with water and was therefore obscured from his vision or that of any reasonable individual.

12. Plaintiff GELBSTEIN, violently fell to the pavement surface and immediately suffered excruciating pain in his lower left leg and severe injuries to same as a result of his fall.

13. Plaintiff GELBSTEIN immediately sought medical treatment following his fall, and in addition to contusions, bruising, lacerations, and swelling was subsequently diagnosed with a fully torn Achilles tendon in the left leg as a result of the fall described herein.

14. Defendant, COSTCO, negligently maintained and failed to inspect their premises thereby allowing a dangerous condition to exist without any warning or marking of the dangerous condition to invitees, patrons or the public that came on to the subject property.

15. As a result of the foregoing, Plaintiff suffered significant harm and injury to his body, extremities including permanent impairment resulting in severe emotional distress, pain and suffering, the loss of the capacity for the enjoyment of life, the loss of past and future earnings capacity, the loss of the expenses of hospitalization, ongoing medical treatment and public humiliation.

## COUNT I

### NEGLIGENCE AGAINST COSTCO WHOLESALE CORPORATION

Plaintiff re-alleges and incorporates paragraphs 1-15 and further alleges:

16. On or about November 3, 2019, Plaintiff GELBSTEIN was an invitee on the premises of 17800 Congress Avenue, Boca Raton, 33487, Palm Beach County, Florida a commercial property owned, operated, and maintained by Defendant COSTCO.

17. On the above date of incident while a patron of the subject premises, Plaintiff tripped and fell over a deep, unmarked pothole located in the parking lot of the Defendant's premises.

18. The Defendant, COSTCO, was charged with the maintenance, management and operation of the subject property and therefore owed a duty, through the exercise of reasonable

care, to ensure the safety of the invitees that come on to its premises, and to safeguard them from reasonably foreseeable harm.

19. Further, the Defendant, COSTCO knew or should have known that the parking lot area where the subject hazard existed was and is an area of high pedestrian traffic between patrons' vehicles and the Defendant's retail location, and such potholes could foreseeably create trip hazards for such pedestrians.

20. The Defendant, COSTCO, breached its duty to the Plaintiff by committing one or more of the following acts of commission and/or omission:

a. Creating a dangerous and defective condition by failing to maintain and/or inspect the surrounding pavement of from the parking lot located on the real property on the premises it managed.

b. Creating various dangerous and defective conditions by violating state and Federal guidelines; including, but not limited to, the Florida Building Code, The Florida Accessibility Guidelines for Construction, Florida Statues, Code of Federal Regulation Life Safety Code.

c. COSTCO by and through its agents and/or employees, knew or should have known of the existence of the foregoing dangerous and defective condition; or, in the exercise of reasonable care, should have known of the existence of the dangerous and defective condition;

d. COSTCO failed to warn Plaintiff of the dangerous and defective conditions or, in the alternative, allowed the condition to exist for a length of time sufficient in which a reasonable investigation by COSTCO would have revealed the same;

e. COSTCO failed to take adequate precautionary or preventative measures to protect invitees such as the Plaintiff from the reasonably foreseeable danger caused by the dangerous and defective condition that COSTCO knew, or should have known through the exercise of reasonable care.

21. As a direct, proximate, and foreseeable result of the negligence of the Defendant COSTCO, the Plaintiff suffered severe and permanent injuries from his fall due to the dangerous and defective condition, and was caused to suffer the following items of damage:

(a) Bodily injury;

(b) Past, present and future medical and related expenses;

(c) Past, present and future physical and mental pain and suffering; and

(d) Past, present and future shame, humiliation, scarring, disability, discomfort, disfigurement, mental distress and inability to lead a normal life;

(e) The loss of the capacity for the enjoyment of life.

22. The injuries suffered by the Plaintiff are permanent and/or continuing in nature and the Plaintiff has suffered in the past and will continue to suffer in the future.

WHEREFORE the Plaintiff, ALAN GELBSTEIN, demands judgment for damages against the Defendant, COSTCO, together with costs and all other relief that his court deems just and equitable. The Plaintiff further demands trial by jury of all issues so triable as of right by a jury.

[CERTIFICATE OF SERVICE TO FOLLOW]

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint was served with Summons on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.