Filing # 110417063 E-Filed 07/17/2020 02:40:34 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a
Foreign for Profit Corporation,

      Defendant.

_____/

## REQUEST TO PRODUCE

Defendant Costco Wholesale Corporation hereby requests Plaintiff Alan Gelbstein to produce the following documents, or legible copies of the following documents, at the offices of Cooney Trybus Kwavnick Peets, 1600 W. Commercial Blvd., Suite 200, Fort Lauderdale, Florida, within thirty (30) days of the date of this Request:

1.     Complete Federal Income Tax Returns with all attached schedules and Forms (such as W-2 Forms) for:

    A.    The five years preceding the year of the incident that is the subject of this lawsuit.

    B.    The year of the incident that is the subject of this lawsuit.

    C.    Each of the years since the year of the incident that is the subject of this lawsuit.

2.     Proof of all earned income and proof of all non-earned income for any year that a Federal Income Tax Return has not been filed.

3.     Complete medical records of each physician that examined or treated you.

**EXHIBIT E**

4.   Complete copies of reports prepared by each physician that examined or treated you.

5.   Complete hospital records pertaining to you.

6.   All medical bills incurred as a result of the incident that is the subject matter of this litigation.

7.   Please produce color duplicates of:

   A.   All photographs which depict conditions that have changed since the time of the incident that is the subject of this lawsuit.

   B.   All photographs that you intend to place into evidence or use at trial.

   C.   All photographs not produced in response to paragraphs 7A and 7B.

8.   All statements of the Defendant including, but not limited to, statements taken from agents, servants, or employees of the Defendant.

9.   All statements that the Plaintiff intends to place into evidence or use at trial.

10.   All statements not produced in response to the preceding two paragraphs.

11.   Bills, receipts, or other evidence of expenses incurred as a result of the incident which is the subject of this litigation and not produced in response to other paragraphs of this Request.

12.   All documents supporting the claim for money damages in this lawsuit and not produced in response to the preceding paragraphs.

13.   A color copy of your driver's license.

14.   A report of each person that you expect to call as an expert witness at trial.

15.   As to each type of insurance including, but not limited to, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection, health insurance and accident insurance you had in effect at any point in the last 10 years, please produce:

[20-0233/4094970/1]

A.   Copies of each insurance contract or policy;

B.   The Identification Card of each insurance contract or policy;

C.   The Declaration Sheet of each insurance contract or policy;

D.   Each and every application for benefits you made under any of the policies, whether pertaining to the accident which is the subject of this litigation or not;

E.   All records of payments, checks, check stubs, memos and correspondence relating to payments made under any of the policies referred to above.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic Service via the Florida Court's E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on July 11, 2020, to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL  33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant
1600 W. Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
(954) 568-6669; fax: (954) 568-0085
Primary: reception@ctkplaw.com
Secondary: tzaccour@ctkplaw.com

By:_____
        DAVID F. COONEY
        Fla. Bar No. 260215

[20-0233/4094970/1]

Filing # 111872936 E-Filed 08/16/2020 08:10:50 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

      Defendant.

_____/

Case No.: 50-2020-CA-007051-XXXX-MB

CIVIL DIVISION

## PLAINTIFF'S RESPONSES TO DEFENDANT, COSTCO WHOLESALE CORPORTATION'S FIRST REQUEST FOR PRODUCTION

Plaintiff, ALAN GELBSTEIN by and through his undersigned counsel serves Plaintiff's responses to Defendant COSTCO WHOELSALE CORPORATION'S First Request for Production, and states as follows:

## RESPONSES

1.     Objection; relevance. Plaintiff is not making a wage loss claim in this action.

2.     Objection; relevance. Plaintiff is not making a wage loss claim in this action.

3.     Plaintiff states that all requested medical records in his possession have been produced contemporaneously with his response.

4.     Plaintiff states that all requested medical reports in his possession have been produced contemporaneously with his response.

5.     Objection; vague and ambiguous as to "Complete hospital records pertaining to you". Further objected to on grounds of not being limited in time and scope.

6.     Plaintiff states all requested medical bills in his possession have been produced contemporaneously with his response.

7.     A.     The following request invades the work product privilege, either directly or because it is so vague as to encompass materials protected by the work product privilege.

    B.     None at this time, as photographic evidence for use at trial has not been determined at this stage in the litigation.

    C.     Objection; vague and ambiguous as to "All photographs not produced in response to paragraphs 7A and 7B."

8.     None in Plaintiff's possession.

9.     None at this time, as evidence for use at trial has not been determined at this stage in the litigation.

10.     None in Plaintiff's possession.

11.     None in Plaintiff's possession.

12.     None in Plaintiff's possession.

13.     Plaintiff states that his Driver's License has been produced contemporaneously with his response.

14.     Undetermined at this time. Plaintiff will produce Plaintiff's Witness List pursuant to all applicable trial deadlines.

15.    Plaintiff states Plaintiff's Medicare and medical insurance information have been produced contemporaneously with this response.

    a.    None in Plaintiff's possession.

    b.    Plaintiff states that his health insurance identification cards are produced contemporaneously with his response.

    c.    None in Plaintiff's possession.

    d.    None in Plaintiff's possession.

    e.    Plaintiff states that all benefits paid logs in his possession have been produced contemporaneously with his response.

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
FBN: 93226
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida e-service portal, to David F. Cooney, Esq., tzaccour@ctkplaw.com, Cooney Trybus Kwavnick Peets, Attorneys for Defendant, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida, 33309, on this 16th day of August, 2020.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ

Filing # 111872936 E-Filed 08/16/2020 08:10:50 PM

IN THE CIRCUIT COURT FOR THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

      Defendant.

————————————————/

Case No.: 50-2020-CA-007051-XXXX-MB

CIVIL DIVISION

## PLAINTIFF'S RESPONSES TO DEFENDANT, COSTCO WHOLESALE CORPORTATION'S FIRST REQUEST FOR PRODUCTION

Plaintiff, ALAN GELBSTEIN by and through his undersigned counsel serves Plaintiff's responses to Defendant COSTCO WHOELSALE CORPORATION'S First Request for Production, and states as follows:

### RESPONSES

1.    Objection; relevance. Plaintiff is not making a wage loss claim in this action.

2.    Objection; relevance. Plaintiff is not making a wage loss claim in this action.

3.    Plaintiff states that all requested medical records in his possession have been produced contemporaneously with his response.

4.    Plaintiff states that all requested medical reports in his possession have been produced contemporaneously with his response.

5.    Objection; vague and ambiguous as to "Complete hospital records pertaining to you". Further objected to on grounds of not being limited in time and scope.

6.      Plaintiff states all requested medical bills in his possession have been produced contemporaneously with his response.

7.      A.      The following request invades the work product privilege, either directly or because it is so vague as to encompass materials protected by the work product privilege.

B.      None at this time, as photographic evidence for use at trial has not been determined at this stage in the litigation.

C.      Objection; vague and ambiguous as to "All photographs not produced in response to paragraphs 7A and 7B."

8.      None in Plaintiff's possession.

9.      None at this time, as evidence for use at trial has not been determined at this stage in the litigation.

10.     None in Plaintiff's possession.

11.     None in Plaintiff's possession.

12.     None in Plaintiff's possession.

13.     Plaintiff states that his Driver's License has been produced contemporaneously with his response.

14.     Undetermined at this time. Plaintiff will produce Plaintiff's Witness List pursuant to all applicable trial deadlines.

15.     Plaintiff states Plaintiff's Medicare and medical insurance information have been produced contemporaneously with this response.

   a.     None in Plaintiff's possession.

   b.     Plaintiff states that his health insurance identification cards are produced contemporaneously with his response.

   c.     None in Plaintiff's possession.

   d.     None in Plaintiff's possession.

   e.     Plaintiff states that all benefits paid logs in his possession have been produced contemporaneously with his response.

                          Respectfully submitted,

                          /s/ Aaron A. Karger
                          AARON A. KARGER, ESQ.
                          FBN: 93226
                          Law Offices of Aaron A. Karger, P.A.
                          Attorney for Plaintiff
                          1 NE 2nd Avenue
                          Suite 200
                          Miami, Florida 33132
                          Tel. 305.577.7772
                          Fax. 305.602.9357
                          Email: aaron@aak-law.com
                          E-service: service@aak-law.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida e-service portal, to David F. Cooney, Esq., <u>tzaccour@ctkplaw.com</u>, Cooney Trybus Kwavnick Peets, Attorneys for Defendant, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida, 33309, on this 16th day of August, 2020.

<u>/s/ Aaron A. Karger</u>
AARON A. KARGER, ESQ

Filing # 111967343 E-Filed 08/18/2020 11:08:21 AM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,

Case No.: 50-2020-CA-007051-XXXX-MB

     Plaintiff,

CIVIL DIVISION

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

     Defendant.

_____/

## NOTICE OF FILING AND SERVICE OF PLAINTIFF'S ANSWERS TO DEFENDANT COSTCO WHOLESALE CORPORATION'S REQUEST FOR SLIP-AND-FALL INTERROGATORIES

Plaintiff ALAN GELBSTEIN, by and through his undersigned counsel, gives notice of the service of his answers to Defendant COSTCO WHOLESALE CORPORATION's request for Slip-and-Fall interrogatories.

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
16211 NE 18th Avenue
Suite 200
North Miami Beach, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida e-service portal, to David F. Cooney, Esq., tzaccour@ctkplaw.com, Cooney Trybus Kwavnick Peets, Attorneys for Defendant, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida, 33309, on this 18th day of August, 2020.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

## ANSWERS TO SLIP AND FALL INTERROGATORIES

1. Alan David Gelbstein, Plaintiff, 1510 E 7 St., Brooklyn, NY 11230.

2. Objection; relevance, Plaintiff is not making a wage loss claim in this action. Notwithstanding the foregoing, I was employed as an Administrative Law Judge with the Kings County, New York, Traffic Violations Bureau, Department of Motor Vehicles from April 29, 1988 through May 1st, 2019.

3. I have no former names. I have lived at 1510 E 7 St., Brooklyn, NY 11230 for the last ten years. My social security number is 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. My date of birth is January 14, 1948. I am married to Karen Gelbstein.

4. Yes, I wear glasses; they were prescribed by Dr. Melvin Rothberger M.D., an Ophthalmologist at New York Eye and Ear of Mount Sinai 575 Kings Highway Brooklyn, NY 11223. However, I do not recall the date that they were prescribed. I last visited Dr. Rothberger in July of 2019. I was also recently examined by eye doctor John Sedor, however I do not recall any additional information.

5. No.

6. No.

7. No.

8. I exited Defendant Costco's store and while walking to my car through Costco's parking lot I stepped onto the lip of a depression or pothole which was unseen to me as it had pooled with water. The unpredictable step into this hidden pothole caused me to fall and tear my Achilles tendon, which resulted in a permanent and painful injury.

9. Defendant Costco had a duty to fix or at least warn me of the deep depression in its parking lot that had formed in order to ensure that its parking lot was maintained in a safe condition for customers such as myself to walk on after leaving and returning to their vehicles after shopping at Costco.

10. No.

11. I suffered lacerations to my legs and knees in addition to bruising throughout both my upper and lower extremities. I suffered a full thickness complete tear of my right Achilles tendon from the fall. As a result of the Achilles tear I will be permanently impaired for the remainder of my life. Please refer to my medical records for specifics which are produced in full in response to Defendant Costco Wholesale Request for Production.

12. Please see my medical bills and out of pocket receipts produced in full in response to Defendant Costco Wholesale's Request for Production.

13. No, I am retired. I am not making a wage loss claim in this action.

14. Yes, my health insurance administered under NYSHIP plan, has paid for portions of my medical treatment, however no third party has yet claimed subrogation.

15. Please see my medical records produced in full in response to Defendant Costco Wholesale's Request for Production.

16. I regularly see my primary care physician Dr. Alan Rothberger M.D. located at 825 Ocean Parkway Suite 3, Brooklyn, NY 11230. Refer to answer to Interrogatory No. 4.

17. My wife, Karen Gelbstein has knowledge of the accident.

18. There is no numbered request for this interrogatory.

19. There is no numbered request for this interrogatory.

20. There is no numbered request for this interrogatory.

21. There is no numbered request for this interrogatory.

22. I was a Plaintiff in a prior auto negligence claim date of loss December 2008 in Kings County, New York.

23. No.

24. See answer to Interrogatory No. 22, the only injury I sustained on that date of loss was a torn ligament in my arm.

25. I have not been involved in any other accidents other than the motor vehicle accident described in my answers to Interrogatories Nos. 22 and 24.

26. See my answers to Interrogatories Nos. 22, 24 & 25. I do not recall the insurer at this time.

27. The Plaintiff objects to this request because all reports, records, statements, notes, photographs and other documents, obtained by Plaintiff, their agents or their representatives regarding the incident described in the Complaint were prepared in anticipation of litigation and for investigative purposes and, therefore, are protected from disclosure pursuant to the work-product doctrine. See *Albertsons, Inc. v. Howels*, 518 So.2d 291 (Fla. 2d DCA 1987); *Publix*

*Supermarkets, Inc. v. Martin*, 739 So.2d 174 (Fla. 2d DCA 1999); *Sears Roebuck & Co. v. Scott*, 481 So.2d 968 (Fla. 4th DCA 1986); and *Royal Caribbean Cruises, Limited v. Doe*, 964 So.2d 713, Fla. 3rd DCA 2007). Without waiving said objections, the Plaintiff is in possession of an incident report provided by Defendant Costco which presumably is equally accessible to Defendant Costco.

28. A wide and dangerous depression or pothole was allowed to exist in Defendant Costco's parking lot. Defendant Costco had a duty to fix or at least warn me of the pothole like defect in its parking lot that had formed in order to ensure that its parking lot was maintained in a safe condition for customers such as myself to walk over after leaving and returning to their vehicles, after shopping at Defendant Costco. Defendant Costco had a duty of care to keep its parking lot in a reasonably safe condition and either knew or should have known of the wide and dangerously defective pothole like depression that it allowed to exist in its parking lot.

Photographs of the pothole like depression in Costco's parking lot from over the date of accident have been produced contemporaneously with Plaintiff's Response to Defendant Costco's Request for Production.

29. At the time of the incident I was walking through Defendant Costco's parking lot. Had the accident not occurred, I intended to go home after shopping at Costco. I do not recall exactly how long I was in Defendant Costco's store for; however, to the best of my recollection it was approximately two hours. Prior to that, I was at my home preparing to go shopping at Costco.

Alan Gelbstein

STATE OF ~~FLORIDA~~ N.Y.    ) 
                 dk

COUNTY OF ~~PALM BEACH~~ Kings  ) SS:
             dk

     **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared ALAN GELBSTEIN who by means of ☑ physical presence or ☐ remote online notarization, ☐ is personally known to me or ☐ who had produced _Driver's License_ as identification, being first duly sworn, deposes and says that he read the Answers to the foregoing Interrogatories, and that they are true and correct to the best of his knowledge.

     SWORN TO AND SUBSCRIBED before me this _17_ day of ~~July~~ August, 2020.
                                       dk

_Dioceline Keys_
NOTARY PUBLIC, State of ~~Florida~~ NY dk

Print Name: _DIOCELINE KEYS_

My commission expires: 5-22-2023

DIOCELINE KEYS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01KE4951478
Qualified in Kings County
Commission Expires       May 22, 2023

[20-0233/4094958/1]

9

Filing # 111967343 E-Filed 08/18/2020 11:08:21 AM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

      Defendant.

_____/

Case No.: 50-2020-CA-007051-XXXX-MB

CIVIL DIVISION

## NOTICE OF FILING AND SERVICE OF PLAINTIFF'S ANSWERS TO DEFENDANT COSTCO WHOLESALE CORPORATION'S REQUEST FOR SLIP-AND-FALL INTERROGATORIES

      Plaintiff ALAN GELBSTEIN, by and through his undersigned counsel, gives notice of the service of his answers to Defendant COSTCO WHOLESALE CORPORATION's request for Slip--and-Fall interrogatories.

                              Respectfully submitted,

                              /s/ Aaron A. Karger
                              AARON A. KARGER, ESQ.
                              Law Offices of Aaron A. Karger, P.A.
                              Attorney for Plaintiff
                              16211 NE 18th Avenue
                              Suite 200
                              North Miami Beach, Florida 33132
                              Tel. 305.577.7772
                              Fax. 305.602.9357
                              Email: aaron@aak-law.com
                              E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida e-service portal, to David F. Cooney, Esq., tzaccour@ctkplaw.com, Cooney Trybus Kwavnick Peets, Attorneys for Defendant, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida, 33309, on this 18th day of August, 2020.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

Filing # 112267328 E-Filed 08/24/2020 01:47:53 PM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

       Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a
Foreign for Profit Corporation,

       Defendant.

_____/

## MOTION FOR PROTECTIVE ORDER

Defendant COSTCO WHOLESALE CORPORATION hereby moves this Honorable Court for the entry of a protective order pursuant to Fla. R. Civ. P. 1.280(c) for the unilaterally noticed September 14, 2020 Fla. R. Civ. P. 1.310(b)(6) deposition of Defendant's corporate representative, and in support thereof states as follows:

    1.    This action arises from an alleged November 3, 2019 slip and fall in the parking lot of Defendant's business premises located at 17800 Congress Avenue, Boca Raton, Florida 33487.

    2.    On July 10, 2020, Plaintiff served the original complaint, written discovery, and a notice for the deposition of a Fla. R. Civ. P. 1.310(b)(6) corporate representative unilaterally set for September 14, 2020. The Rule 1.310 notice includes 20 designated topics and 11 duces tecum requests. (See Notice of Taking Deposition Duces Tecum attached hereto as Exhibit "1").

    3.    The notice is defective and improper in several ways and we have previously filed objections to the notice of taking deposition duces tecum, which we incorporate herein. (See Objections to Notice of Taking Deposition attached hereto as Exhibit "2").

4.　　Fla. R. Civ. P. 1.280(c) provides that "[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires." 1.280(c), Fla. R. Civ. P.

5.　　As set forth in Defendant's aforementioned objections, Plaintiff's notice of taking deposition duces tecum of Defendant's Fla. R. Civ. P. 1.310(b)(6) corporate representative does not "designate with reasonable particularity the matters on which examination is requested," such that Defendant can determine the type of knowledge its witness needs to possess. 1.310(b)(6), Fla. R. Civ. P.

6.　　The designations numbered 2, 4, 7, 8, 9, 10, 15, 16, 17 request testimony that constitutes work product and/or information protected by the attorney-client privilege; moreover, Plaintiff's designations numbered 3, 5, 7, 10, 11, 12, 16, 17 presuppose issues in controversy, namely that Plaintiff was physically harmed as a result of the incident as a result of Defendant's negligence.

7.　　Plaintiff's designations numbered 1, 11, 12, 13, 17, 19, 20, and duces tecum requests numbered 1, 4, 5, 6, 7, 8, 9, 10, 11, further highlight the unnecessarily overbroad nature of the notice as a whole, the overwhelming majority of which are not reasonably calculated to lead to the discovery of admissible evidence but which rather seeks to harass, annoy, and place undue burden and expense on Defendant and its representatives.

8.　　Due to the extraordinary nationwide demands on employees of Defendant, COSTCO WHOLESALE CORPORATION, due to the coronavirus pandemic, Defendant further suggests that is inappropriate to force employees away from their essential job functions to address the overbroad, burdensome, and harassing discovery the Plaintiff is seeking in this matter.

9.     The undersigned and counsel for Plaintiff have unsuccessfully attempted to resolve the issues presented herein.

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, hereby respectfully requests that this Honorable Court enter a protective Order as to the unilaterally noticed September 14, 2020 deposition of Defendant's Fla. R. Civ. P. 1.310(b)(6) corporate representative, requiring Plaintiff, ALAN GELBSTEIN, to revise the notice of taking deposition duces tecum to comply with Fla. R. Civ. P. 1.310 and applicable law, resolving all of Defendant's objections to the current designations and duces tecum requests, and for any and all further relief that this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic Service via the Florida Court's E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on August 24, 2020 to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL 33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant
1600 W. Commercial Blvd., #200
Fort Lauderdale, FL 33309
(954) 568-6669; fax: (954) 568-0085
Primary e-mail: reception@ctkplaw.com
Secondary e-mail: tzaccour@ctkplaw.com

By: _____
      DAVID F. COONEY
      Florida Bar No. 260215

[20-0233/4140233/1]                          3

Filing # 109778917 E-Filed 07/04/2020 08:23:11 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,

Case No.:

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

     Defendant.

_____/

## NOTICE OF TAKING DEPOSITION
### (Duces Tecum)

PLEASE TAKE NOTICE that the undersigned attorney will take the deposition of:

NAME: Corporate Representative(s) of COSTCO WHOLESALE CORPORATION ("Defendant" or "COSTCO") (to be designated by the Defendant) pursuant to the Rule of Civil Procedure 1.310(b)(6) to testify about matters known or reasonably available to the organization in reference to:

1. The correct legal name and address of the individuals and/or entities who has any ownership, shareholder and management responsibilities relative to COSTCO from over the last five (5) years to present,

2. Defendant's response to each allegation of fact contained in the operative complaint in this case,

3. The fall Plaintiff suffered over the date of incident due to the disrepair and or defective nature of Defendant COSTCO'S walkway throughout the common areas and/or parking lot of its premises, resulting in severe injury to Plaintiff,

4. Any and all affirmative defenses and the basis for same,

5. The area within the Defendant's premises where the Plaintiff was harmed,

6. The existence of, creation, number of, when same were taken and who took any and all photographs of the area where Plaintiff was harmed and policies and procedures related to the documenting of same, preservation of same and destruction of same.



EXHIBIT
1

7. What if anything could have been done to prevent the harm suffered by Plaintiff.

8. What duties Defendant COSTCO owed Plaintiff.

9. If Defendant breached its duties to Plaintiff.

10. If Defendant was negligent on the date that Plaintiff was harmed.

11. Defendant's policies and procedures in place from over the date on which Plaintiff was harmed.

12. How Defendant ensured its policies and procedures were enforced on the date that Plaintiff was harmed.

13. Defendant's maintenance and training policies for any employees and staff for whom are responsible for upholding Defendant's policies and procedures.

14. Defendant's process for recording any and all complaints and incidents at the Defendant's premises.

15. All statements from Plaintiff.

16. All statements from any person that relate in any way to the harm Plaintiff suffered from over the date of incident.

17. Every lawsuit filed against Defendant for the five years preceding the harm Plaintiff suffered from over the date of incident.

18. The full name and address of the individual or entity that maintained common resident's area on the Defendant's premises where Plaintiff fell and injured himself.

19. The full name and address of all employees and or independent contractors working for the Defendant on its common area during the last 5 years.

20. The names and contact information for the management staff for whom manages the Defendant's premises.

DATE:                          September 14, 2020

TIME:                          10:00 A.M.

PLACE:                         US Legal Support

                               1900 Corporate Blvd NW, Suite 200
                               Boca Raton, FL 33431

upon oral examination before U.S. Legal, or other notary public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day-to-day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the Court. Plaintiff requests that the named deponent in accordance with the Florida Rules of Civil Procedure produce at the time of said deposition, the items listed on the attached Duces Tecum.

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
FBN: 93226
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
16211 NE 18th Avenue
Suite 200
North Miami Beach, FL 33162
Telephone: (305) 577-7772
Fax: (305) 602-9357
E-mail: aaron@aak-law.com
E-Service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with Summons and Complaint on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation , FL 33324.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

## DUCUS TECUM

1. Any and all documents which reflect the names and addresses of any and all individuals, business entities and/or public entities who have any ownership, maintenance and/or repair responsibilities for the instant premises.

2. Color copies of all photographs taken of the area where Plaintiff sustained his injury.

3. All statements from Plaintiff.

4. All statements from any other person that relate in any way to the harm Plaintiff suffered over the date of the incident.

5. All documents relating to the qualifications of every employee and independent contractor working at the Defendant's premises on its grounds throughout its subject common area.

6. All construction and safety related training provided to Defendant's employees and independent contractors for the five years preceding the date on which Plaintiff was harmed.

7. All depositions given by the Defendant's corporate representatives for the subject premises in the five years preceding Plaintiff's injury.

8. All depositions given by the Defendant's corporate representatives regarding safety and security relative to maintenance at Defendant's apartment complex in the five years preceding Plaintiff's accident.

9. A complete copy of any and all letters, warnings, notices and other correspondence (written and electronic) between the Defendant and construction to and installation of pavement/flooring on the Defendant's premises in the three years preceding Plaintiff's accident.

10. A complete copy of any and all warnings, fines and other notices from any and all governmental agencies that address construction safety and security at the Defendant's premises.

11. A complete roster of the names and contact information for the management staff for whom manages COSTCO WHOLESALE CORPORATION.

Filing # 110289177 E-Filed 07/15/2020 02:58:14 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Foreign for
Profit Corporation,

      Defendant.

_____/

## OBJECTIONS TO NOTICE OF TAKING DEPOSITION

Defendant Costco Wholesale Corporation objects to the Plaintiff's "Notice of Taking Deposition (Duces Tecum)" dated 07/04/2020 as follows:

1.    This is a premises liability case in which the Plaintiff claims to have been injured as a result of stepping in a pothole in the parking lot of Costco's location in Boca Raton.

2.    On 07/07/2020 the Plaintiff filed his "Corrected Complaint and Demand for Jury Trial."

3.    Three days before filing the Corrected Complaint, the Plaintiff filed a Notice of Taking Deposition (Duces Tecum) which purports to schedule the deposition of a Costco Corporate Representative pursuant to Rule 1.310(b)(6). A copy of the Notice of Taking Deposition is attached hereto as Exhibit "A."

4.    The Notice of Taking Deposition is defective in several ways. First, Rule 1.310(b)(6) requires the Plaintiff to "designate with reasonable particularity the matters on which examination is requested." The Plaintiff's notice does not do that. There is little or nothing about


EXHIBIT
2

the notice that advises Costco as to the questions for which it must have answers. For example, designation "5. The area within the Defendant's premises where the Plaintiff was harmed" does not tell Costco Wholesale Corporation the type of knowledge its witness needs to possess in order to answer questions intended by the Plaintiff.

5.      Second, other designations call for attorney/client information and/or work product information. For example:

2.    Defendant's response to each allegation of fact contained in the operative complaint in this case.

4.    Any and all affirmative defenses and basis for same.

7.    What if anything could have been done to prevent the harm suffered by Plaintiff.

8.    What duties Defendant Costco owed Plaintiff.

9.    If Defendant breached its duties to Plaintiff.

10.   If Defendant was negligent on the date that Plaintiff was harmed.

15.   All statements from Plaintiff.

16.   All statements from any person that relate in any way to the harm Plaintiff suffered from over [sic] the date of incident.

17.   Every lawsuit filed against Defendant for the five years preceding the harm Plaintiff suffered from over [sic] the date of incident.

6.      Third, several of the topics are objectionable because they incorporate the premise that the Plaintiff was harmed on our property, which is a matter in controversy. For example, topic #11 refers to policies and procedures in place from over [sic] the date *on which Plaintiff was harmed.*

7.      In addition to the preceding objections, several of the topics are unnecessarily and unworkably overbroad and not reasonably calculated to lead to the discovery of admissible evidence, such as:

[20-0233/4089746/1]                         2

1. The correct legal name and address of the individuals and/or entities who has [sic] any ownership, shareholder and management responsibilities relative to Costco from over [sic] the last five (5) years to present.

11. The Defendant's policies and procedures in place from over [sic] the date on which Plaintiff was harmed.

12. How Defendant ensured its policies and procedures were enforced on the date that Plaintiff was harmed.

13. Defendant's maintenance and training policies for any employees and staff for whom are responsible [sic] for upholding Defendant's policies and procedures.

17. Every lawsuit filed against Defendant for the five years preceding the harm Plaintiff suffered from over [sic] the date of incident.

19. The full name and address of all employees and/or independent contractors working for the Defendant on its common area during the last 5 years.

20. The names and contact information for the management staff for whom [sic] manages the Defendant's premises.

8. The notice is accompanied by a duces tecum which purports to require Costco to produce documents for the deposition. The duces tecum suffers from a number of defects which make it improper.

9. The following numbered paragraphs of the duces tecum are so broadly worded as to invade the work product and/or attorney/client privilege:

4. All statements from any person that relate in any way to the harm Plaintiff suffered over [sic] the date of the incident.

7. All depositions given by Defendant's corporate representatives for the subject premises in the five years preceding Plaintiff's injury.

8. All depositions given by Defendant's corporate representatives regarding safety and security relative to maintenance at Defendant's apartment complex [sic] in the

[20-0233/4089746/1]                                      3

five years preceding Plaintiff's accident.

9.  A complete copy of any and all letters, warnings, notices (etc.) between the Defendant and construction to and installation of pavement/flooring [sic] on the Defendant's premises in the three years preceding Plaintiff's accident.

10.  A complete copy of all warnings, fines (etc) from any and all governmental agencies that address construction safety and security.

10.  In addition to the preceding objections, and without waiving them, the following numbered paragraphs from the duces tecum are needlessly and unworkably overbroad and are not reasonably calculated to lead to the discovery of admissible evidence: 1, 5, 6, 9, 10 and 11.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic Service via the Florida Courts E-filing Eportal pursuant to the Supreme Court Administrative   Order AOSC13-490 on July 15, 2020, to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL 33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant
1600 West Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
(954) 568-6669; fax: (954) 568-0085
Eservice: reception@ctkplaw.com
Secondary: tzacoeur@ctkplaw.com

By: _____
DAVID F. COONEY
Florida Bar No. 260215

[20-0233/4089746/1]                      4

Filing # 112430836 E-Filed 08/26/2020 03:38:24 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Foreign
for Profit Corporation,

      Defendant.

_____/

## SUPPLEMENTAL OBJECTIONS TO REQUEST FOR PRODUCTION

    Defendant Costco Wholesale Corporation supplements its objections to the "Plaintiff's Corrected First Request for Production to Defendant Costco Wholesale Corporation" filed on 07/07/20 and served with the Complaint in this matter as follows:

    1.    This is a premises liability case in which the Plaintiff claims that he was injured as a result of stepping in a hole in the parking lot of the Costco facility located in Boca Raton.

    2.    On 07/07/20 the Plaintiff filed a "Corrected First Request for Production" (Exhibit "A" hereto) which was served with the Complaint.

    3.    Promptly after receiving the Corrected First Request for Production, we served objections.

    4.    Since then, in preparing responses, we have learned that additional objections are appropriate.

    5.    We object to the eighth request - which asked for any and all policies of

insurance in force and effect on the date of the accident - because Costco Wholesale Corporation is self-insured for several million dollars but Costco Wholesale Corporation has several layers of excess insurance. Those policies are not at issue here and those policies are not reasonably calculated to lead to the discovery of admissible evidence.

6.        Request #22 asked for any and all incident reports, accident reports and other notations and/or documentation regarding the reporting and/or investigation of the Plaintiff's fall. We object to this request on the basis of the work product privilege.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was furnished via Electronic Service via the Florida Courts E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on August 26 2020, to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL 33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant
1600 West Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
(954) 568-6669; fax: (954) 568-0085
Eservice: reception@ctkplaw.com
Secondary: tzaccour@ctkplaw.com

By: _____
DAVID F. COONEY
Florida Bar No. 260215

[20-0233/4151585/1]                    2

Filing # 109892308 E-Filed 07/07/2020 03:26:55 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

Case No.: 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

    Defendant.

_____/

## PLAINTIFF'S CORRECTED FIRST REQUEST FOR PRODUCTION TO DEFENDANT COSTCO WHOLESALE CORPORATION

COMES NOW, the Plaintiff, ALAN GELBSTEIN by and through her undersigned counsel and pursuant to the applicable Rules of Civil Procedure, requests the Defendant, COSTCO WHOLESALE CORPORATION, to produce at the office of the undersigned the following:

1.    Copies of any and all incident and other reports documenting similar trip and fall incidents which have occurred on the subject premises specified in the operative Complaint, located at 17800 Congress Avenue, Boca Raton, 33487, Palm Beach County,.

2.    Copies of any and all statements taken of the Plaintiff.

3.    Any maintenance contracts existing between Defendant, and any party involved in any form of care and maintenance of the subject premises as specified in the complaint, at the time of Plaintiff's fall.

4.    Any and all reports, records, memorandum, agreements or documentation that in any way mention the maintenance of the Defendant's subject premises as described in the Complaint herein, that cover the period of three (3) years before the incident herein.



EXHIBIT
A

5.     Any and all pictures which Defendant has of the common areas, parking lots and walkways throughout the subject premises and/or the area where it is alleged the Plaintiff was injured.

6.     Any and all training manuals, safety manuals, safety publications, video tapes, etc., that are used by the Defendant or given to the Defendant's employees or agents concerning in any way, the care of the subject premises including the pavement throughout the common areas, in effect at the time of Plaintiff's fall.

7.     Copies of any and all time sheets and work schedules or other documents reflecting the names and job titles of any and all of Defendant's employees and/or agents whose job relates to the management and maintenance of the common areas, including the pavement and or entrance way described in the Complaint, over the date of incident November 3, 2019.

8.     Any and all policies of insurance in force and effect on the date of the incident complained of herein.

9.     Estimates of repair and/or paid repair bills for the subject premises, if any, relating to the issues identified in Plaintiff's Complaint.

10.    "Statements", within the meaning and definitions in Rule 1.280(b), Florida Rules of Civil Procedure, of the Plaintiff, the agents of the Plaintiff and employees, and independent witnesses as well as to the Plaintiff, bearing on the knowledge of facts relevant and material to the claim and defenses in the instant litigation, to be produced prior to any deposition of any said persons.

11.    All of the tangible things within the possession, custody, or control of the Defendant herein upon which the defenses and counter claims herein are based, and specifically, but not limited to, writings, drawings, graphs, charts, photographs, movies, slides, film, video tape, phonograph records and other recording devices, instruments, equipment, real and personal property, objects, goods and/or

vehicles or operations which are the subjects of the counter claims and defenses herein, so that the same may be inspected, copied, tested, measured, surveyed, and photographed, pursuant to Rule 1.350, Florida Rules of Civil procedure.

12. Any and all movies, motion pictures, security footage, and/or videotapes depicting the accident/incident on November 3, 2019 which is the subject matter of this lawsuit.

13. Any and all movies, motion pictures, security footage, and/or videotapes depicting the Plaintiff walking on the Defendant's pavement and/or sidewalk/entranceway located on the subject premises over the date of the incident on November 3, 2019.

14. Any and all photographs depicting the accident/incident on November 3, 2019 which is the subject matter of this lawsuit.

15. Any and all photographs depicting the Plaintiff walking on the subject premises over the date of the incident on November 3, 2019.

16. All ordinances, regulations, rules, statutes, customs and practices, and publications upon which your defenses and/or counter-claims herein are made.

17. All documents and items specified in your Answers to Interrogatories as coming within Rule 1.350(c), Florida Rules of Civil Procedure, exercising the option to produce records in lieu of summary based on said records and reports.

18. All statements obtained by you, or your attorneys, of the Plaintiff, the agents, servants and employees of the Plaintiff, either recorded or written, at the time of or subsequent to the subject incident.

19.     Copies of any "Mary Carter" Agreements entered into by you or on your behalf with any other Defendant, person, firm, or corporation whom you contend may have some liability exposure for the subject accident or incident.

20.     Copies of any and all materials, documents and/or reports regarding the Plaintiff, including ones taken of the incident in question.

21.     Copies of all documents, records, indexes, etc. regarding any alleged prior and/or subsequent injuries sustained by the Plaintiff.

22.     Any and all incident reports, accident reports and other notations and/or documentation regarding the reporting and/or investigation of the Plaintiff's fall.

23.     Copies of any and all policies, procedures or directives relative to the inspection and reporting of hazards on the Defendant's premises, specifically the pavement, sidewalks, walkways, entranceways and parking lot.

[CERTIFICATE OF SERVICE TO FOLLOW]

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with Summons and Complaint on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

Sea/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

Filing # 113106634 E-Filed 09/09/2020 04:59:01 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

       Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a
Foreign for Profit Corporation,

       Defendant.

_____/

## RESPONSE TO REQUEST FOR ADMISSIONS

Defendant COSTCO WHOLESALE CORPORATION, a Foreign for Profit Corporation files this Response to the Plaintiff's Request for Admissions propounded with the Summons and Complaint and would respond as follows:

1. Please admit that the full and proper name of the Defendant is COSTCO WHOLESALE CORPORATION.

   **Response:**   **Admit.**

2. Please admit that on October November 3, 2019 the Defendant owned and controlled the subject premises located at 17800 Congress Avenue, Boca Raton, 33487 Palm Beach County, Florida.

   **Response:**   **Admit.**

4.[sic]Please admit that on November 3, 20 I 9, the Defendant, COSTCO owed a nondelegable duty to all invitees to keep the subject premises in a reasonably safe condition.

   **Response:**   **See objection previously filed.**

5. Please admit that on or before November 3, 2019 the Defendant, COSTCO through its agents employees and/or servants, knew that the pavement on which Plaintiff fell posed a dangerous and hazardous condition.

**Response:**   **See objection previously filed.**

6. Please admit that the Defendant, COSTCO, was responsible for inspecting and/or maintaining all areas of the subject premises in order to ensure it was in a reasonably safe condition, including all pavement and parking lot areas over the date of incident November 3,-2019.

**Response:**   **See objection previously filed.**

7. Please admit that the Defendant, COSTCO, knew of at least one incident before November 3, 2019 where an individual had tripped and fallen while on its subject premises.

**Response:**   **See objection previously filed.**

8. Please admit that the Defendant, COSTCO, knew before Plaintiffs fall on November 3, 2019 that if their agents servants and/or employees did not maintain the subject premises in a reasonably safe manner, that it would present a dangerous and hazardous condition to invitees such as the Plaintiff.

**Response:**   **See objection previously filed.**

9. Please admit that there were no signs posted over the subject date of incident a which warned invitees that a portion of pavement in the Defendant's parking lot on the subject premises was uneven and posed a trip hazard.

**Response:**   **See objection previously filed.**

10. Please admit that on November 3, 2019 no other entity and/or individual other than Defendant, COSTCO, owned the subject premises.

**Response:**   **Admit.**

11. Please admit that Defendant, COSTCO, breached its non-delegable duty to invitees, including Plaintiff by failing to maintain the subject premises in a reasonably safe condition and/or by failing to use the appropriate signs to warn invitees of the hazard, and as a result caused Plaintiff to suffer serious bodily injury.

**Response:**   **See objection previously filed.**

12. Please admit that the Defendant, COSTCO, is in possession of security photos, recordings, videos, reports and/ or incident reports relative to the subject incident that occurred on November 3, 2019.

**Response:**    **Deny as to security photos, recordings, and videos.  Admit as to incident reports.**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic Service via the Florida Court's E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on September 9, 2020, to:  Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL  33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Costco Wholesale Corporation
1600 W. Commercial Blvd., Suite #200
Fort Lauderdale, FL 33309
(954) 568-6669; fax: (954) 568-0085
Email: reception@ctkplaw.com
Secondary: tzaccour@ctkplaw.com

\*signed in absence to avoid delay\*

By: _____
          DAVID F. COONEY
          Fla. Bar No. 260215

Filing # 113106634 E-Filed 09/09/2020 04:59:01 PM

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

        Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Foreign
for Profit Corporation,

        Defendant.
_____/

## RESPONSE TO REQUEST FOR PRODUCTION

Defendant, COSTCO WHOLESALE CORPORATION, a Foreign for Profit Corporation files this Response to the Plaintiff's Request for Production which was propounded with Summons and Complaint and would respond as follows:

1. Copies of any and all incident and other reports documenting similar trip and fall Incidents which have occurred on the subject premises specified in the operative Complaint, located at 17800 Congress Avenue, Boca Raton, 33487, Palm Beach County.

**Response:**    **See objection previously filed.**

2. Copies of any and all statements taken of the Plaintiff.

**Response:**    **None other than the Member First Report of Injury.**

3. Any maintenance contracts existing between Defendant, and any party involved in any form of care and maintenance of the subject premises as specified in the complaint, at the time of Plaintiff's fall.

**Response:**    **See objection previously filed.**

4. Any and all reports, records, memorandu1!1, agreements or documentation that in any way mention the maintenance of the Defendant's subject premises as described in the Complaint herein, that cover the period of three (3) years before the incident herein.

**Response:**    **See objection previously filed.**

5. Any and all pictures which Defendant has of the common areas, parking lots and walkways throughout the subject premises and/or the area where it is alleged the Plaintiff was injured.

**Response:**     **See objection previously filed.**

6. Any and all training manuals, safety manuals, safety publications, vi_deo tapes, etc., that are used by the Defendant or given to the Defendant's employees or agents concerning in any way, the care of the subject premises including the pavement throughout the common areas, in effect at the time of Plaintiffs fall.

**Response:**     **See objection previously filed.**

7. Copies of any and all time sheets and work schedules or other documents reflecting the names and job titles of any and all of Defendant's employees and/or agents whose job relates to the management and maintenance of the common areas, including the pavement and or entrance way described in the Complaint, over the date of incident November 3, 2019.

**Response:**     **See objection previously filed.**

8. Any and all policies of insurance in force and effect on the date of the incident complained of herein.

**Response:**     **See Supplemental Objection filed August 26, 2020.**

9. Estimates of repair and/or paid repair bills for the subject premises, if any, relating to the issues identified in Plaintiffs Complaint.

**Response:**     **See objection previously filed.**

10. "Statements", within the meaning and definitions in Rule l.280(b ), Florida Rules of Civil Procedure, of the Plaintiff, the agents of the Plaintiff and employees, and independent witnesses as well as to the Plaintiff, bearing on the knowledge of facts relevant and material to the claim and defenses in the instant litigation, to be produced prior to any deposition of any said persons.

**Response:**     **See objection previously filed.**

11. All of the tangible things within the possession, custody, or control of the Defendant herein upon which the defenses and counter claims herein are based, and specifically, but not limited to, writings, drawings, graphs, charts, photographs, movies, slides, film, video tape, phonograph records and other recording devices, instruments, equipment, real and personal property, objects, goods and/or vehicles or operations which are the subjects of the cow1ter claims and defenses herein, so that the same may be inspected, copied,

tested, measured, surveyed, and photographed, pursuant to Rule 1.350, Florida Rules of Civil procedure.

**Response:**   **See objection previously filed.**

12. Any and all movies, motion pictures, security footage, and/or videotapes depicting the accident incident on November 3, 2019 which is the subject matter of this lawsuit.

**Response:**   **See objection previously filed.**

13. Any and all movies, motion pictures, security footage, and/or videotapes depicting the Plaintiff walking on the Defendant's pavement and/or sidewalk/entranceway located on the subject premises over the date of the incident on November 3, 2019.

**Response:**   **See objection previously filed.**

14. Any and all photographs depicting the accident/incident on November 3, 2019 which is the subject matter of this lawsuit.

**Response:**   **See objection previously filed.**

15. Any and all photographs depicting the Plaintiff walking on the subject premises over the date of the incident on November 3, 2019.

**Response:**   **See objection previously filed.**

16. All ordinances, regulations, rules, statutes, customs and practices, and publications upon which your defenses and/or counter-claims herein are made.

**Response:**   **See objection previously filed.**

17. All documents and items specified in your Answers to Interrogatories as coming within Rule I.350(c), Florida Rules of Civil Procedure, exercising the option to produce records in lieu of summary based on said records and reports.

**Response:**   **None at this time.**

18. All statements obtained by you, or your attorneys, of the Plaintiff, the agents, servants and employees of the Plaintiff, either recorded or written, at the time of or subsequent to the subject incident.

**Response:**   **See objection previously filed.**

19. Copies of any "Mary Carter" Agreements entered into by you or on your behalf with any other Defendant, person, firm, or corporation whom you contend may have some liability exposure for the subject accident or incident.

**Response:**     None.

20. Copies of any and all materials, documents and/or reports regarding the Plaintiff, including ones taken of the incident in question.

**Response:**     **See objection previously filed.**

21. Copies of all documents, records, indexes, etc. regarding any alleged prior and/or subsequent injuries sustained by the Plaintiff.

**Response:**     **None.**

22. Any and all incident reports, accident reports and other notations and/or documentation regarding the reporting and/or investigation of the Plaintiffs fall.

**Response:**     **See Supplemental Objection filed August 26, 2020.**

23. Copies of any and all policies, procedures or directives relative to the inspection and reporting of hazards on the Defendant's premises, specifically the pavement, sidewalks, walkways, entranceways and parking lot.

**Response:**     **There are no written policies, procedures or directives addressing the inspection and reporting of hazards as to the pavement, sidewalks, walkways, entrance ways and parking lots.**

I HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic Service via the Florida Courts E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on September 9, 2020 to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL  33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Costco Wholesale Corporation
1600 W. Commercial Blvd., Ste. 200
Fort Lauderdale, FL 33309
(954) 568-6669
Facsimile: (954) 568-0085

*signed in absence to avoid delay*

By: _____
DAVID F. COONEY
Florida Bar No.: 260215

Filing # 113110709 E-Filed 09/09/2020 05:55:53 PM

<div align="right">

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

Case No.: 50-2020-CA-007051-XXXX-MB

CIVIL DIVISION

</div>

ALAN GELBSTEIN,

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

     Defendant.

_____/

## PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT, COSTCO WHOLESALE CORPORATION'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, ALAN GELBSTEIN, by and through the undersigned counsel hereby serves

Plaintiff's Amended Responses to Defendant COSTCO WHOLESALE CORPORATION'S First

Request for Admissions, and states as follows:

### AMENDED RESPONSES

1.     Admitted insofar as the amount in controversy refers to damages sought.

2.     Denied as phrased.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ *Aaron A. Karger*
AARON A. KARGER, ESQ.
FBN: 93226
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
16211 NE 18th Avenue
Suite 200
North Miami Beach, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida e-service portal, to David F. Cooney, Esq., tzaccour@ctkplaw.com, Cooney Trybus Kwavnick Peets, Attorneys for Defendant, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida, 33309, on this 9th day of September, 2020.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ

Filing # 113085193 E-Filed 09/09/2020 02:35:58 PM

|                                                    | IN THE CIRCUIT COURT FOR THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA |
|----------------------------------------------------|------------------------------------------------------------------------------------------|

ALAN GELBSTEIN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

      Defendant.

_____/

Case No.: 50-2020-CA-007051-XXXX-MB

CIVIL DIVISION

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT AND FOR SANCTIONS

      Plaintiff, ALAN GELBSTEIN ("Plaintiff") by and through his undersigned counsel and pursuant to Rule 1.350(b), moves this Court for an Order compelling Defendant COSTCO WHOLESALE CORPORATION ("Defendant Costco") to serve its answers to Plaintiff's First Set of Interrogatories, responses to Plaintiff's First Request for Production Nos. 2, 8, 17, 19, 21, 22, and 23, and responses to Plaintiff's First Request for Admissions Nos. 1, 2, 10, 12 due August 24, 2020, and as grounds therefore, states as follows:

1.     On July 10, 2020, Plaintiff served his First Set of Interrogatories, First Request for Production, and First Request for Admissions on Defendant Costco.

2.     Pursuant to Fla. R. Civ. P. 1.350, Defendant Costco had forty-five (45) days from service to object or respond to Plaintiff's discovery requests.

3.     On July 15, 2020, Defendant Costco served certain of its responses to Plaintiff's First Request for Production only in the form of objections to Nos. 1, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 18, and 20; and further served certain of its responses to Plaintiff's First Request for Admissions only in the form of objections to Nos. 4, 5, 6, 7, 8, 9, and 11; Defendant Costco never served answers to Plaintiff's First Set of Interrogatories. In response to Plaintiff's Notice of Taking Deposition Duces Tecum, Defendant Costco lodged objections to Nos. 1, 2, 4, 5, 7, 8,

9, 10, 11, 12, 13, 15, 16, 17, 19 and 20.

4.     The forty-five (45) day deadline for Defendant to serve answers to Plaintiff's interrogatory requests and responses to Plaintiff's Requests for Production and Requests for Admission that have otherwise went unresponded to expired on August 24, 2020.

5.     On July 24, 2020, defense counsel over a call with the undersigned conferred with defense counsel regarding the foregoing objections, at which time defense counsel affirmed that only certain of the discovery responses had been served, because they were not yet due.

6.     On August 24, 25, and 26, 2020, the undersigned conferred with defense counsel in written correspondence about the interrogatory answers and other discovery responses to that were now due.  Pertinent correspondence attached hereto as Exhibit A.

7.     Over sixty **(60)** days have passed, and contemporaneous with the filing of this Motion, Defendant Costco has failed to serve Plaintiff with answers to Plaintiff's interrogatory requests, and responses or objections to Plaintiff's requests for production and admissions served July 10, 2020.

8.     The undersigned has repeatedly insisted on conferring on all of Defendant's discovery objections at once, so as to seek intervention from the Court only on any objections that cannot be agreed upon between counsel, rather than taking the Court's time piecemeal such as on the objections lodged again in Defendant's Motion for Protective Order filed August 24, 2020.

9.     Notwithstanding the foregoing, Defendant has insisted that the Motion for Protective Order with many if not all of the same objections be heard by the court, even though all other above-described discovery is late by Defendant.

10.    When the overdue discovery deadline was finally communicated to a paralegal in defense counsel's office, a seven (7) day extension was requested by her for which the undersigned

agreed; however, defense counsel did not agree with the undersigned's proposed Order to confirm same, nor did he offer any feedback. Proposed Agreed Order to Enlarge Time for Defendant to Response to Plaintiff's Discovery Requests attached hereto as Exhibit B.

11.    Most recently defense counsel attempted to confirm the deposition of Defendant's corporate representative which accordingly had to be cancelled, since the balance of discovery responses has not been served, including interrogatory answers.

12.    Defense counsel's conduct has been uncooperative and obstructionist in an effort to thwart depositions and discovery deadlines.

13.    The requirement to confer in good faith is set forth in Florida Rules of Professional Responsibility, Local Palm Beach Rule No. 4, this Court's Division Procedure, and alluded to in this Court's Order dated August 5, 2020.

WHEREFORE, the plaintiff respectfully requests this Court to compel the defendant, COSTCO WHOLESALE CORPORATION, to serve answers, responses, or objections to Plaintiff's foregoing discovery requests served July 10, 2020 in accordance with Fla. R. Civ. P. 1.350, order sanctions and tax attorney's fees to defendant for the cost of bringing this Motion, and for any other relief this Honorable Court deems necessary and appropriate.

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
FBN: 93226
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
16211 NE 18th Avenue
Suite 200
North Miami Beach, Florida 33162
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida e-service portal, to David F. Cooney, Esq., tzaccour@ctkplaw.com, Cooney Trybus Kwavnick Peets, Attorneys for Defendant, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida, 33309, on this 9th day of September, 2020.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

# EXHIBIT A

# AAK LAW OFFICES OF AARON A. KARGER, P.A.

16211 NE 18th Avenue, Suite 200, North Miami Beach, FL 33162
O: (305) 957-8911 | F: (305) 602-9357

1 Ne 2nd Avenue, Suite 200, Miami, FL 33132
O: (305) 577-7772 | F: (305) 602-9357

**Please respond to:** aaron@aak-law.com

August 25, 2020

**VIA EMAIL**
David F. Cooney, Esq.
Cooney Trybus Kwavnick Peets
dcooney@ctkplaw.com

RE:   Alan Gelbstein v. Costco Wholesale Corporation; Case No.: 50-2020-CA-007051

Dear Mr. Cooney:

I write to confer with you concerning the Notice of Hearing you caused to have filed on July 31, 2020, for hearing on *Plaintiff's Objections to Defendant's Notice of Production from Nonparty dated 7/28/2020*. As a threshold matter however, I am confused by your personal certification on the Notice that you attempted to speak in person or on the telephone with me, as I have inquired with my Case Manager regarding any telephone calls or written communications (before or after your Notice was filed) from your office with a request to confer; however, based on my understanding, there have been none. In the spirit of the Court's order dated August 5, 2020, and expressly pursuant to Palm Beach Local Rule No. 4* (conferred authority by Rule 2.215(e), Fla. R. Jud. Admin), "Prior to filing and serving a Notice of Hearing for a Uniform Calendar hearing or a specially set hearing, the attorney noticing the motion for hearing shall attempt to resolve the matter and shall certify the good faith attempt to resolve."

In light of the foregoing, I ask that you please confer with my office, even *after* your filing of a Notice of Hearing if time does not permit beforehand, in order that we attempt to not burden the Court with motion practice on matters that could be worked out short of hearing. Having said that, my objection to your client's Notice of Production from Nonparty dated 7/28/2020 is narrow in nature; that is, to the best of my client's recollection, he has not ever filled prescriptions at the Costco Pharmacy, Target Pharmacy, CVS Pharmacy, Wal-Mart Pharmacy, Publix Pharmacy, or Walgreens Pharmacy. Please advise on what evidence you are serving subpoenas on these pharmacies that based on our information and belief, Mr. Gelbstein has not otherwise used to fill prescriptions with. It may be that we can avoid taking the Court's time at hearing on Wednesday if we confer on this issue.

In the above vein, I look to the Notice of Hearing you caused to have filed August 18, 2020, wherein you again certify that you attempted to speak in person or on the telephone with me concerning *Plaintiff's Objections to Request to Produce Plaintiff's Objections to Request for Admissions*. Likewise, we have not yet received any communications from your office (by telephone or in writing) for request to confer on that issue. Please let me know when possible we can confer before the hearing scheduled for September 10, 2020 goes forward.

Further in the above vein, I look to your office's request for dates of earlier today relative to your client's Motion for Protective Order, which simply mirrors your client's objections filed, that the Court alluded to was included in our discovery disputes at the August 5, 2020 hearing, which Judge Rowe directed us to attempt to work out between us before requesting further Court intervention. I note we have not yet done so.

Last and finally, so as to confer on any and all discovery requests you find objectionable on behalf of your client, and before we file the appropriate Motion to Compel same, I confer with you on your client's answers to Plaintiff's First Set of Interrogatories, remaining responses to Plaintiff's First Request for Production Nos. 2, 8, 17, 19, 21, 22, and 23, and further remaining responses to Plaintiff's First Request for Admissions Nos. 1, 2, 10, 12 due yesterday, August 24, 2020.

I look forward to the prospect of our working together through these issues in accordance with the applicable Rules, and to seek Court intervention only if necessary.

Very truly yours,

Aaron A. Karger

AAK/sea

-2-

9/9/2020    Law Office of Aaron A. Karger, P.A. Mail - RE: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-...

 **Gmail**                                                    Aaron A. Karger <aaron@aak-law.com>

## RE: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01:

**Aaron A. Karger** <aaron@aak-law.com>                                 Wed, Aug 26, 2020 at 7:00 AM
To: David Cooney <dcooney@ctkplaw.com>

David, good morning. This email confirms our conversation of yesterday evening wherein I agreed to withdraw my objection set for hearing this morning since you confirmed you are not actually in possession of medical records of my client that reflect [Costco, Target, Walmart, Publix, etc.] as pharmacy providers; rather, you were serving subpoenas on the major pharmacy providers as a general defense policy/strategy carried out by your office. In that vein, I share you with the actual pharmacy in Brooklyn where my client had his prescriptions filled for the injury he sustained on Costco's premises.

Harrico Galler Drug Corp
1374 Coney Island Ave
Brooklyn, NY 11230

As for the remaining issues identified in my correspondence to you of August 25, I was not able to stay longer on the call yesterday to confer with you on the following:

1. According to my firm calendar, your client's interrogatory answers and the balance of your client's discovery responses were due Monday, Aug. 24. Assuming my calendar is correct, and the responses are late, when do you anticipate serving them. I am fine with up and through this Friday, 8/28.
2. Once received, I think it is both prudent and appropriate at that time in light of the court's order of Aug. 25, that we confer regarding your objections to my client's discovery responses all at once, including that of your objections to my client's Notice of Taking Deposition (again encompassed in your Motion for Protective Order), rather than piecemeal.

Aaron



**Aaron A. Karger**
Email : aaron@aak-law.com
Web: www.aak-law.com

**LAW OFFICES OF AARON A. KARGER, P.A.**

North Miami Beach:
16211 NE 18th Avenue
Suite 200
North Miami Beach, FL 33162
Main: (305-957-8911) | Fax: (305) 602-9357

Downtown Miami:
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Main: (305) 577-7772

Notice: This e-mail message and any attachment(s) hereto contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, copy, convert to hard copy, use or disseminate this e-mail or any attachment(s) to it. If you have received this e-mail in error, please notify us immediately by return e-mail or telephone at 305-577-7772 and delete this message. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachment(s) may not have been produced by Aaron A. Karger, Esq., or the Law Offices of Aaron A. Karger, P.A.

No Client Relationship: Communication with an attorney or staff member at the Law Offices of Aaron A. Karger, P.A. does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from this office should be considered informational only, and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.

# EXHIBIT B

9/9/2020          Law Office of Aaron A. Karger, P.A. Mail - RE: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-...

 **Gmail**                                          Aaron A. Karger <aaron@aak-law.com>

## RE: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01:

4 messages

---

**Tish S. Holligan** <THolligan@ctkplaw.com>                      Wed, Sep 2, 2020 at 2:31 PM
To: Sam Afran <aa@aak-law.com>
Cc: "Aaron A. Karger" <aaron@aak-law.com>

Thanks Sam. Because it has to be reviewed, approved an notarized, would you mind giving us a week from today? I believe that I will have it sooner but just want to be safe.

*Thank you,*

*Tish*

   *Laticia (Tish) Holligan, CP, FRP*

*Litigation Paralegal to:*

*David F. Cooney & Al Peets*

*Cooney Trybus Kwavnick Peets*
*1600 West Commercial Boulevard*

*Suite 200 | Fort Lauderdale, FL 33309*
**Direct: (954) 568-1374**

*Main Phone: (954) 568-6669*

*http://www.ctkplaw.com*



*PRIVILEGED AND CONFIDENTIALITY NOTICE: This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.*

---

**From:** Sam Afran <aa@aak-law.com>
**Sent:** Wednesday, September 2, 2020 1:37 PM
**To:** Tish S. Holligan <THolligan@ctkplaw.com>
**Cc:** Aaron A. Karger <aaron@aak-law.com>
**Subject:** Re: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01:

Tish, thank you letting us know.

Please advise on how many days you think you will need and we will draft an Agreed Order for your office's approval for upload to Chambers per your request.

--

Samuel E. Afran

Case Manager

Law Offices of Aaron A. Karger, P.A.

16211 NE 18th Avenue, Suite 200

North Miami Beach, Florida 33162

(O) 305-957-8911

(F) 305-602-9357

(D) 786-704-6160

Email: sam@aak-law.com

Web: www.aak-law.com

Notice: This e-mail message and any attachment(s) hereto contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, copy, convert to hard copy, use or disseminate this e-mail or any attachment(s) to it. If you have received this e-mail in error, please notify us immediately by return e-mail or telephone at 305-577-7772 and delete this message. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachment(s) may not have been produced by Aaron A. Karger, Esq., or the Law Offices of Aaron A. Karger, P.A.

No Client Relationship: Communication with an attorney or staff member at the Law Offices of Aaron A. Karger, P.A. does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from this office should be considered informational only, and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.

On Wed, Sep 2, 2020 at 12:56 PM Tish S. Holligan <THolligan@ctkplaw.com> wrote:

Good afternoon Mr. Karger,

9/9/2020        Law Office of Aaron A. Karger, P.A. Mail - RE: Gelbstein, Alan v. Costco Wholesale Corporation – Our File: 20-0233 -- Claim: 569000-GB-...

I am the paralegal handling the discovery responses. Please be advised that our draft responses to your discovery requests have been completed and provided to our client for final approval. We anticipate filing the discovery responses very soon and may need just a few more days. My sincere apologies for the delay and thank you for your generosity and consideration.

*Thank you,*

*Tish*



Laticia (*Tish*) Holligan, CP, FRP

Litigation Paralegal to:

David F. Cooney & Al Peets

Cooney Trybus Kwavnick Peets
1600 West Commercial Boulevard

Suite 200 | Fort Lauderdale, FL 33309
**Direct: (954) 568-1374**

Main Phone: (954) 568-6669

http://www.ctkplaw.com

 

*PRIVILEGED AND CONFIDENTIALITY NOTICE: This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.*

---

**Aaron A. Karger** <aaron@aak-law.com>
To: Sam Afran <aa@aak-law.com>

Wed, Sep 2, 2020 at 2:57 PM

That's fine

Aaron A. Karger
[Quoted text hidden]

---

**11 attachments**

 **image001.jpg**
8K

 **image002.jpg**
2K

 **image003.jpg**
2K

9/9/2020          Law Office of Aaron A. Karger, P.A. Mail - RE: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-...

**image004.gif**
1K

 **image001.jpg**
8K

 **image002.jpg**
2K

 **image003.jpg**
2K

 **image003.jpg**
2K

 **image004.gif**
1K

 **image001.jpg**
8K

 **image002.jpg**
2K

---

**Sam Afran** <aa@aak-law.com>                                    Wed, Sep 2, 2020 at 5:33 PM
To: "Tish S. Holligan" <THolligan@ctkplaw.com>
Cc: "Aaron A. Karger" <aaron@aak-law.com>

Tish, good evening.

Please confirm your office's approval of the attached for for upload to Chambers by 5 pm tomorrow. Thank you.
[Quoted text hidden]
[Quoted text hidden]

 **Agreed Order.pdf**
111K

---

**Tish S. Holligan** <THolligan@ctkplaw.com>                      Thu, Sep 3, 2020 at 3:22 PM
To: Sam Afran <aa@aak-law.com>
Cc: "Aaron A. Karger" <aaron@aak-law.com>

Good afternoon.


Mr. Cooney is not in agreement with your Agreed Order.

[Quoted text hidden]

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,                                CASE NO.: 50-2020-CA-007051-XXXX-MB

       Plaintiff,                              CIVIL DIVISION

v.

COSTCO WHOLESALE CORPORATION,
A Foreign for Profit Corporation,

       Defendant.

_____/

## AGREED ORDER TO ENLARGE TIME FOR DEFENDANT TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

THIS CAUSE having come before the Court, and the Court being advised of the agreement of counsel and the Court being otherwise advised in the premises, it is hereby ORDERED:

1.     Defendant COSTCO WHOLESALE CORPORATION, shall on or before September 9, 2020, serve its answers to Plaintiff's First Set of Interrogatories, responses to Plaintiff's First Request for Production Nos. 2, 8, 17, 19, 21, 22, and 23, and responses to Plaintiff's First Request for Admissions Nos. 1, 2, 10, and 12, otherwise due August 24, 2020.

      **DONE AND ORDERED** in Chambers, in Palm Beach County, on this _____ day of _____, 2020.

                                      _____

                                    HONORABLE CIRCUIT COURT JUDGE

                                    CYMONIE ROWE

Copies Furnished to:

Aaron A. Karger, Esq.
David F. Cooney, Esq.

9/9/2020          Law Office of Aaron A. Karger, P.A. Mail - Fwd: THIRD HEARING SCHEDULING REQUEST - Gelbstein, Alan v. Costco Wholesale Corpor...

 **Gmail**                                                    Aaron A. Karger <aaron@aak-law.com>

---

## Fwd: THIRD HEARING SCHEDULING REQUEST - Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01:

1 message

---

**Sam Afran** <aa@aak-law.com>                                              Wed, Sep 9, 2020 at 2:10 PM
To: "Aaron A. Karger" <aaron@aak-law.com>

--
Samuel E. Afran
Case Manager
Law Offices of Aaron A. Karger, P.A.
16211 NE 18th Avenue, Suite 200
North Miami Beach, Florida 33162
(O) 305-957-8911
(F) 305-602-9357
(D) 786-704-6160
Email: sam@aak-law.com
Web: www.aak-law.com

Notice: This e-mail message and any attachment(s) hereto contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, copy, convert to hard copy, use or disseminate this e-mail or any attachment(s) to it. If you have received this e-mail in error, please notify us immediately by return e-mail or telephone at 305-577-7772 and delete this message. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachment(s) may not have been produced by Aaron A. Karger, Esq., or the Law Offices of Aaron A. Karger, P.A.

No Client Relationship: Communication with an attorney or staff member at the Law Offices of Aaron A. Karger, P.A. does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from this office should be considered informational only, and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.

---------- Forwarded message ---------
From: **Sam Afran** <aa@aak-law.com>
Date: Wed, Sep 2, 2020 at 9:39 AM
Subject: Re: THIRD HEARING SCHEDULING REQUEST - Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01:
To: Tosha Zaccour <tzaccour@ctkplaw.com>

Good morning, Tosha.

We are also pretty confused. All of Costco's interrogatory answers and the balance of Costco's responses to plaintiff's requests for production nos. 2, 17, 19, 21, and 23, and plaintiff's responses to request for admission nos. 1, 2, 10, and 12, were due last week on **8/24**.

Mr. Karger conferred with Mr. Cooney about this on 8/25 and 8/26, then I conferred with you on 8/27 in our below thread.

After their last court hearing on 8/5, Mr. Karger feels it is inappropriate to seek court intervention again only for the

discovery requests (including notice of taking deposition) that Mr. Cooney has already objected to, when the rest of the discovery responses that Mr. Cooney is not choosing to provide responses to are over a week late. To keep in line with the local Rule and the suggestion in the court's order of 8/5, we will wait for the discovery responses to be served that were due last Monday, 8/24, in order that Mr. Karger and Mr. Cooney can confer on Costco's responses/objections all at once, rather than seeking court intervention through multiple piecemeal hearings, due to late discovery responses/objections. Thanks and please let me know if you want to discuss by phone.

--
Samuel E. Afran
Case Manager
Law Offices of Aaron A. Karger, P.A.
16211 NE 18th Avenue, Suite 200
North Miami Beach, Florida 33162
(O) 305-957-8911
(F) 305-602-9357
(D) 786-704-6160
Email: sam@aak-law.com
Web: www.aak-law.com

Notice: This e-mail message and any attachment(s) hereto contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, copy, convert to hard copy, use or disseminate this e-mail or any attachment(s) to it. If you have received this e-mail in error, please notify us immediately by return e-mail or telephone at 305-577-7772 and delete this message. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachment(s) may not have been produced by Aaron A. Karger, Esq., or the Law Offices of Aaron A. Karger, P.A.

No Client Relationship: Communication with an attorney or staff member at the Law Offices of Aaron A. Karger, P.A. does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from this office should be considered informational only, and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.

On Wed, Sep 2, 2020 at 9:08 AM Tosha Zaccour <tzaccour@ctkplaw.com> wrote:

Hi Sam,

We are following up on our email to schedule our Motion For protective Order. The Judge has 9/14 available.

Please advise if this date works. Thank you.

***OUR POLICY IS AFTER 3 ATTEMPTS AT COORDINATING DATES AND NO RESPONSE, HEARINGS AND DEPOSITIONS WILL BE SET UNILATERALLY***

BEST REGARDS,

*Tosha Zaccour*

Legal Assistant to David Cooney and Al Peets

Cooney Trybus Kwavnick Peets

1600 W. Commercial Blvd.,

Suite 200

Fort Lauderdale, FL 33309

(954)745-4063, DIRECT LINE

(954)568-0085, FAX

---

**From:** Tosha Zaccour
**Sent:** Monday, August 31, 2020 2:49 PM
**To:** 'Sam Afran' <aa@aak-law.com>
**Subject:** SECOND HEARING SCHEDULING REQUEST - Gelbstein, Alan v. Costco Wholesale Corporation -- Our File:
20-0233 -- Claim: 569000-GB-01: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim:
569000-GB-01:


Hi Sam,

We are following up on our request to set a hearing on our Motion to Compel.

Please provide dates. Thank you.


***OUR POLICY IS AFTER 3 ATTEMPTS AT COORDINATING DATES AND NO RESPONSE, HEARINGS AND
DEPOSITIONS WILL BE SET UNILATERALLY***


BEST REGARDS,

*Tosha Zaccour*

Legal Assistant to David Cooney and Al Peets

Cooney Trybus Kwavnick Peets

1600 W. Commercial Blvd.,

Suite 200

Fort Lauderdale, FL 33309

(954)745-4063, DIRECT LINE

(954)568-0085, FAX

---

**From:** Tosha Zaccour
**Sent:** Thursday, August 27, 2020 9:59 AM
**To:** 'Sam Afran' <aa@aak-law.com>
**Subject:** RE: Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01: SECOND
HEARING SCHEDULING REQUEST - Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim:
569000-GB-01:

Hi Sam,

Your email is a little confusing. Are you asking to set another conference?

If so, provide a few dates.

We would still like to get the hearing set incase a resolution is made. We can always cancel the hearing. Please provide me with availability. Thank you.


**\*\*\*OUR POLICY IS AFTER 3 ATTEMPTS AT COORDINATING DATES AND NO RESPONSE, HEARINGS AND DEPOSITIONS WILL BE SET UNILATERALLY\*\*\***


BEST REGARDS,

*Tosha Zaccour*

Legal Assistant to David Cooney and Al Peets

Cooney Trybus Kwavnick Peets

1600 W. Commercial Blvd.,

Suite 200

Fort Lauderdale, FL 33309

(954)745-4063, DIRECT LINE

(954)568-0085, FAX


**From:** Sam Afran <aa@aak-law.com>
**Sent:** Thursday, August 27, 2020 9:53 AM
**To:** Tosha Zaccour <tzaccour@ctkplaw.com>
**Subject:** Re: SECOND HEARING SCHEDULING REQUEST - Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01:


Good morning, Tosha.


I understand that Mr. Karger attempted to confer with Mr. Cooney on this over Monday and yesterday regarding all of Costco's answers to interrogatories and the balance of Costco's responses to requests for production nos. 2, 17, 19, 21, and 23, and request for admission nos. 1, 2, 10, 12, so as to confer with Mr. Cooney on any defense objections all at once rather than piecemeal, to keep in line with the local Rule and suggestion in the Court's; this includes Mr. Cooney's objection to our Notice of Taking Deposition that was addressed briefly on Aug. 5. Please let me know, thanks.

--

Samuel E. Afran

Case Manager

Law Offices of Aaron A. Karger, P.A.

16211 NE 18th Avenue, Suite 200

North Miami Beach, Florida 33162

(O) 305-957-8911

(F) 305-602-9357

(D) 786-704-6160

Email: sam@aak-law.com

Web: www.aak-law.com

Notice: This e-mail message and any attachment(s) hereto contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, copy, convert to hard copy, use or disseminate this e-mail or any attachment(s) to it. If you have received this e-mail in error, please notify us immediately by return e-mail or telephone at 305-577-7772 and delete this message. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachment(s) may not have been produced by Aaron A. Karger, Esq., or the Law Offices of Aaron A. Karger, P.A.

No Client Relationship: Communication with an attorney or staff member at the Law Offices of Aaron A. Karger, P.A. does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice.  Any communication from this office should be considered informational only, and should not be relied or acted upon until a formal attorney-client relationship is established via a written agreement.

On Wed, Aug 26, 2020 at 12:47 PM Tosha Zaccour <tzaccour@ctkplaw.com> wrote:

Hi Sam,

We would like to follow up on our email below.

Please advise. Thank you.

***OUR POLICY IS AFTER 3 ATTEMPTS AT COORDINATING DATES AND NO RESPONSE, HEARINGS AND DEPOSITIONS WILL BE SET UNILATERALLY***

BEST REGARDS,

*Tosha Zaccour*

**Legal Assistant to David Cooney and Al Peets**

Cooney Trybus Kwavnick Peets

1600 W. Commercial Blvd.,

Suite 200

Fort Lauderdale, FL 33309

(954)745-4063, DIRECT LINE

(954)568-0085, FAX

---

**From:** Tosha Zaccour
**Sent:** Monday, August 24, 2020 3:15 PM
**To:** Sam Afran <aa@aak-law.com>
**Subject:** HEARING SCHEDULING REQUEST - Gelbstein, Alan v. Costco Wholesale Corporation -- Our File: 20-0233 -- Claim: 569000-GB-01:

Hi Sam,

We would like to set our Motion For Protective Order for hearing. Judge Rowe has the following dates available:

8/31 at 3pm

9/3 or 9/8 at 8:30a.

Please advise which date works best. If none, please provide additional dates. Thank you.

**\*\*\*OUR POLICY IS AFTER 3 ATTEMPTS AT COORDINATING DATES AND NO RESPONSE, HEARINGS AND DEPOSITIONS WILL BE SET UNILATERALLY\*\*\***

BEST REGARDS,

*Tosha Zaccour*

Legal Assistant to David Cooney and Al Peets

Cooney Trybus Kwavnick Peets

1600 W. Commercial Blvd.,

Suite 200

Fort Lauderdale, FL 33309

(954)745-4063, DIRECT LINE

Filing # 109892308 E-Filed 07/07/2020 03:26:55 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

Case No.: 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

      Defendant.

_____/

## PLAINTIFF'S CORRECTED FIRST REQUEST FOR PRODUCTION TO DEFENDANT COSTCO WHOLESALE CORPORATION

COMES NOW, the Plaintiff, ALAN GELBSTEIN by and through her undersigned counsel and pursuant to the applicable Rules of Civil Procedure, requests the Defendant, COSTCO WHOLESALE CORPORATION, to produce at the office of the undersigned the following:

1.    Copies of any and all incident and other reports documenting similar trip and fall incidents which have occurred on the subject premises specified in the operative Complaint, located at 17800 Congress Avenue, Boca Raton, 33487, Palm Beach County,.

2.    Copies of any and all statements taken of the Plaintiff.

3.    Any maintenance contracts existing between Defendant, and any party involved in any form of care and maintenance of the subject premises as specified in the complaint, at the time of Plaintiff's fall.

4.    Any and all reports, records, memorandum, agreements or documentation that in any way mention the maintenance of the Defendant's subject premises as described in the Complaint herein, that cover the period of three (3) years before the incident herein.

5.      Any and all pictures which Defendant has of the common areas, parking lots and walkways throughout the subject premises and/or the area where it is alleged the Plaintiff was injured.

6.      Any and all training manuals, safety manuals, safety publications, video tapes, etc., that are used by the Defendant or given to the Defendant's employees or agents concerning in any way, the care of the subject premises including the pavement throughout the common areas, in effect at the time of Plaintiff's fall.

7.      Copies of any and all time sheets and work schedules or other documents reflecting the names and job titles of any and all of Defendant's employees and/or agents whose job relates to the management and maintenance of the common areas, including the pavement and or entrance way described in the Complaint, over the date of incident November 3, 2019.

8.      Any and all policies of insurance in force and effect on the date of the incident complained of herein.

9.      Estimates of repair and/or paid repair bills for the subject premises, if any, relating to the issues identified in Plaintiff's Complaint.

10.     "Statements", within the meaning and definitions in Rule 1.280(b), Florida Rules of Civil Procedure, of the Plaintiff, the agents of the Plaintiff and employees, and independent witnesses as well as to the Plaintiff, bearing on the knowledge of facts relevant and material to the claim and defenses in the instant litigation, to be produced prior to any deposition of any said persons.

11.     All of the tangible things within the possession, custody, or control of the Defendant herein upon which the defenses and counter claims herein are based, and specifically, but not limited to, writings, drawings, graphs, charts, photographs, movies, slides, film, video tape, phonograph records and other recording devices, instruments, equipment, real and personal property, objects, goods and/or

vehicles or operations which are the subjects of the counter claims and defenses herein, so that the same may be inspected, copied, tested, measured, surveyed, and photographed, pursuant to Rule 1.350, Florida Rules of Civil procedure.

12.     Any and all movies, motion pictures, security footage, and/or videotapes depicting the accident/incident on November 3, 2019 which is the subject matter of this lawsuit.

13.     Any and all movies, motion pictures, security footage, and/or videotapes depicting the Plaintiff walking on the Defendant's pavement and/or sidewalk/entranceway located on the subject premises over the date of the incident on November 3, 2019.

14.     Any and all photographs depicting the accident/incident on November 3, 2019 which is the subject matter of this lawsuit.

15.     Any and all photographs depicting the Plaintiff walking on the subject premises over the date of the incident on November 3, 2019.

16.     All ordinances, regulations, rules, statutes, customs and practices, and publications upon which your defenses and/or counter-claims herein are made.

17.     All documents and items specified in your Answers to Interrogatories as coming within Rule 1.350(c), Florida Rules of Civil Procedure, exercising the option to produce records in lieu of summary based on said records and reports.

18.     All statements obtained by you, or your attorneys, of the Plaintiff, the agents, servants and employees of the Plaintiff, either recorded or written, at the time of or subsequent to the subject incident.

19.    Copies of any "Mary Carter" Agreements entered into by you or on your behalf with any other Defendant, person, firm, or corporation whom you contend may have some liability exposure for the subject accident or incident.

20.    Copies of any and all materials, documents and/or reports regarding the Plaintiff, including ones taken of the incident in question.

21.    Copies of all documents, records, indexes, etc. regarding any alleged prior and/or subsequent injuries sustained by the Plaintiff.

22.    Any and all incident reports, accident reports and other notations and/or documentation regarding the reporting and/or investigation of the Plaintiff's fall.

23.    Copies of any and all policies, procedures or directives relative to the inspection and reporting of hazards on the Defendant's premises, specifically the pavement, sidewalks, walkways, entranceways and parking lot.

[CERTIFICATE OF SERVICE TO FOLLOW]

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with Summons and Complaint on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

Sea/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

Filing # 109892308 E-Filed 07/07/2020 03:26:55 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,                        Case No.: 50-2020-CA-007051-XXXX-MB

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

     Defendant.

_____/

### CORRECTED NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT COSTCO WHOLESALE CORPORATION

     Plaintiff, ALAN GELBSTEIN, hereby gives Notice of Service that the attached First Set of Interrogatories were propounded upon Defendant, COSTCO WHOLESALE CORPORATION.

     Respectfully submitted,

     /s/ Aaron A. Karger
     AARON A. KARGER, ESQ.
     Law Offices of Aaron A. Karger, P.A.
     Attorney for Plaintiff
     1 NE 2nd Avenue
     Suite 200
     Miami, Florida 33132
     Tel. 305.577.7772
     Fax. 305.602.9357
     Email: aaron@aak-law.com
     E-service: service@aak-law.com

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served with Summons and Complaint on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

     /s/ Aaron A. Karger
     AARON A. KARGER, ESQ.

## FIRST SET OF INTERROGATORIES

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   Is the Defendant correctly named in the Complaint?  If not, please state with specificity the correct name of the owner of said property.

3.   Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

4.   State the facts upon which you rely for each affirmative defense in your answer.

5.  Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

6.  List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

7.  Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name any address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

8.  State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has,

the name and address of the person who took or prepared it, and the date it was taken or prepared.

9.   Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

10.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

11.   State the names and job titles of all employees or agents of the Defendant present at the time of the incident in question. If any of these individuals are no longer employed by the Defendant, please provide their last known address.

12.     State the name and address of the person or company responsible for the maintenance, and/or inspection of the pavement mentioned in the complaint, located at the subject premises as described in the operative Complaint.

13.     State whether there have been any similar trip and fall incidents on the premises in question within three (3) years prior to November 3, 2019. If so, state the exact location and date of the accident; how the accident occurred; whether any record was made of the accidents, and, if so, the names and addresses of any person(s) in whose possession the same is now; the name, address, telephone number and present whereabouts of witnesses or purported witnesses having any knowledge about the said accident.

14.     State whether, within 24 hours before the alleged incident in question, any maintenance, repairs and/or inspections were performed in the area where the Plaintiff alleges the injuries occurred. If so, state the name(s) and address(es) of the person(s) performing same; the exact nature of the same; the time of day the same was done and the date it was done.

15.     Were any reports made, photographs taken or sketches or drawings made following this incident by any person known to Defendant purporting to describe the accident or show the area involved in this accident as it existed at the time of the accident and, if so, state the name(s) and address(es) of each such person, the exact date said items were taken or made, a description of said items and who has custody of said items at the present time.

16.   Did this Defendant take any precautions to prevent the incident and/or injuries which the Plaintiff sustained as alleged in the Complaint? If so, please state what precautions were taken. If not, please state why such precautions were not taken. Also list the name and address of the persons who decided to take the safety precautions or not.

17.   Please state whether or not any form of surveillance has been taken of the Plaintiff and if so, the type of surveillance, where it was taken and the name, address and telephone number of the person/entity who obtained the surveillance.

18.   Please identify the person(s) responsible for managing the maintenance of the pavement on the subject premises as described in the operative Complaint, at the time of the incident alleged in the Complaint. If this individual is no longer working for the Defendant, please provide his or her last known address.

19.   On November 3, 2019 did any of Defendant's employees assist Plaintiff at the time of her fall? If so, please provide the names of those employees and their job titles. If any of these employees no longer work for Defendant, please provide their last known addresses.

20. Please identify the number, location, and the orientation of any and all security cameras located on the external portions of Defendant's premises, including any cameras oriented or located in the subject parking lot.

21. Please identity the procedures for inspection and monitoring of the Defendant's premises, specifically the procedures for the inspection of the subject parking lot and the reporting for any hazards locate din the parking lots. Any responsive documents to this answer may be submitted with Defendant's Response to Request for Production.

STATE OF _____

COUNTY OF _____

Before me, the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being by me duly sworn, deposes and says: That the answers to the above and foregoing First Set of Interrogatories are true and correct to the best of _____ knowledge and belief.

_____
Signature of Applicant

Sworn to and subscribed before me this _____

day of _____, 2020.

_____
Signature of Notary Public - State of Florida

_____
Print, Type or Stamp Commissioned Name of Notary

Personally Known ☐ OR Produced Identification ☐

Type Identification Produced _____

Filing # 110289177 E-Filed 07/15/2020 02:58:14 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Foreign
for Profit Corporation,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Costco Wholesale Corporation answers the Plaintiff's "Corrected Complaint

and Demand for Jury Trial" dated 07/07/2020 as follows:

## GENERAL AND JURISDICTIONAL ALLEGATIONS

1.    We admit that the Plaintiff is seeking damages in excess of $30,000 but we deny

that the Plaintiff is entitled to recover damages in that amount, or in any amount, from Costco.

2.    We admit that Alan Gelbstein was and is a resident of Brooklyn, Kings County,

New York, but this paragraph is otherwise denied.

3.    We admit that Costco Wholesale Corporation is a foreign corporation (i.e., a

non-Florida corporation) which is authorized to conduct business in the state of Florida.

4.    We admit Costco owns a facility at 17800 Congress Avenue in Boca Raton,

Florida, but the allegations of this paragraph are otherwise denied.

5.    We admit that Palm Beach County is a proper venue for this case, but the

allegations of this paragraph are otherwise denied.

## COMMON BACKGROUND AND FACTUAL ALLEGATIONS

6.     Costco again admits that it owned the property at 17800 Congress Avenue in Boca Raton and that it operates a store at that location, but the allegations of this paragraph are otherwise denied.

7.     We admit that our store is open to Members during normal business hours, but the allegations of this paragraph are otherwise denied.

8.     We deny the allegations of this paragraph as they are currently phrased. Costco does not have a non-delegable duty to ensure the safety of its premises. Florida law requires property owners to use reasonable care in its effort to keep the premises reasonably safe.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

## COUNT I
## NEGLIGENCE AGAINST COSTCO WHOLESALE CORPORATION

16.    We admit that Gelbstein would be an invitee, as opposed to being a trespasser or uninvited licensee, if he was on our property during normal business hours for the purposes of shopping at Costco. The allegations of this paragraph are otherwise denied.

[20-0233/4089630/1]                          2

17.    Denied.

18.    Denied as phrased.  Costco acknowledges that it is responsible for using reasonable care in the maintenance of the premises, but the allegations of this paragraph are otherwise denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Defendant denies every allegation of the Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### COMPARATIVE NEGLIGENCE - GENERALLY

The Plaintiff was the sole legal cause of the injuries alleged in the Complaint and, therefore, the Plaintiff is barred from recovery as a matter of law.  Alternatively, the Plaintiff was comparatively negligent and any recovery in favor of the Plaintiff must be reduced by the percentage of negligence attributable to the Plaintiff.

### COLLATERAL SOURCE

This Defendant is entitled to a setoff for any collateral source benefits paid or payable in favor of the Plaintiff.

### DEMAND FOR JURY TRIAL

This Defendant demands trial by jury of all issues so triable as a matter of right by jury.

[20-0233/4089630/1]                   3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was furnished via Electronic Service via the Florida Courts E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on July 15, 2020, to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL  33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant
1600 West Commercial Blvd., Suite 200
Fort Lauderdale, Fl. 33309
(954) 568-6669; fax: (954) 568-0085
Eservice: reception@ctkplaw.com
Secondary: tzaccour@ctkplaw.com

By: _____
       DAVID F. COONEY
       Florida Bar No. 260215

[20-0233/4089630/1]             4

Filing # 110289177 E-Filed 07/15/2020 02:58:14 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Foreign
for Profit Corporation,

      Defendant.

_____/

## OBJECTIONS TO REQUEST FOR PRODUCTION

Defendant Costco Wholesale Corporation objects to the "Plaintiff's Corrected First Request for Production to Defendant Costco Wholesale Corporation" dated 07/07/20 which was served with the Complaint in this matter as follows:

1.    This is a premises liability action in which the Plaintiff claims that he was injured as a result of stepping in a pothole in the parking lot of the Costco located in Boca Raton.

2.    The Plaintiff served a "Corrected First Request for Production" with the Complaint. A copy of the request is attached hereto a Exhibit "A."

3.    The following requests invade the work product privilege, either directly or because they are so overly broad and vague as to encompass materials protected by the work product privilege:

    1.    Any and all incident or other reports documenting similar trip-and-falls. (Also, this is overbroad because it's not

limited to a reasonable time frame).

4.   Any and all reports (etc.) that in any way mention the maintenance of the subject premises over the three years before the accident.

5.   Any and all pictures the Defendant has of common areas, parking lots and walkways. (Also, this request is not reasonably limited to lead to the discovery of admissible evidence).

10.  Statements of the Plaintiff, the agents of the Plaintiff and employees, and independent witnesses. (Note: We do not object to producing statements, if any, of the Plaintiff himself).

11.  All of the tangible things upon which the defenses and counterclaims are based, including photographs, movies, videotape, etc. (Note: This request is also needlessly and unworkably overly broad and vague).

12.  Any and all movies, motion pictures, security footage and/or videotapes depicting the accident/incident.

13.  Any and all movies, motion pictures, security footage and/or videotapes depicting the Plaintiff walking on the Defendant's pavement (etc.) on the day of the incident.

14.  Any and all photographs depicting the accident/incident.

15.  Any and all photographs depicting the Plaintiff walking on the subject premises on the day of the incident.

16.  All ordinances (etc.) upon which your defenses and/or counterclaims are made.

18.  All statements of the Plaintiff, the agents, servants and employees of the Plaintiff. (Note: We do not object to producing statements of the Plaintiff himself but we also object to this request as being duplicative of request 10).

20.  Copies of any and all materials, documents and/or reports regarding the Plaintiff, including ones taken of the incident in question.

[20-0233/4089672/1]                    2

4.   The following requests are needlessly and unworkably overbroad and not reasonably calculated to lead to the discovery of admissible evidence:

3.   Any maintenance contracts and any party involved in any form of care and maintenance of the subject premises.

5.   Any and all pictures which Defendant has of the common areas, parking lots and walkways throughout the subject premises and/or the area where it is alleged the Plaintiff was injured.

6.   Any and all training manuals (etc.) used by the Defendant or given to Defendant's employees, or agents, concerning "in any way" the care of the subject premises including the pavement throughout the common areas.

7.   Any and all timesheets and work schedules "or other documents" reflecting the names and job titles of any and all of Defendant's employees and/or agents whose job relates to the management and maintenance of the common areas, including the pavement and/or entranceway described in the Complaint "over the date of incident."

9.   Estimates of repair and/or paid repair bills for the subject premises, if any, relating to the issues identified in Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was furnished via Electronic Service via the Florida Courts E-filing Eportal pursuant to the Supreme Court Administrative

[20-0233/4089672/1]                    3

Order AOSC13-490 on July 15 2020, to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger,

P.A., One N.E. 2nd Avenue, #200, Miami, FL 33132 (aaron@aak-law.com; service@aak-law.com).

> COONEY TRYBUS KWAVNICK PEETS
> Attorneys for Defendant
> 1600 West Commercial Blvd., Suite 200
> Fort Lauderdale, FL 33309
> (954) 568-6669; fax: (954) 568-0085
> Eservice: reception@ctkplaw.com
> Secondary: tzaccour@ctkplaw.com
>
> By: _____
>       DAVID F. COONEY
>       Florida Bar No. 260215

Filing # 109892308 E-Filed 07/07/2020 03:26:55 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

Case No.: 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

     Defendant.

_____/

### PLAINTIFF'S CORRECTED FIRST REQUEST FOR PRODUCTION TO DEFENDANT COSTCO WHOLESALE CORPORATION

COMES NOW, the Plaintiff, ALAN GELBSTEIN by and through her undersigned counsel and pursuant to the applicable Rules of Civil Procedure, requests the Defendant, COSTCO WHOLESALE CORPORATION, to produce at the office of the undersigned the following:

1.    Copies of any and all incident and other reports documenting similar trip and fall incidents which have occurred on the subject premises specified in the operative Complaint, located at 17800 Congress Avenue, Boca Raton, 33487, Palm Beach County,.

2.    Copies of any and all statements taken of the Plaintiff.

3.    Any maintenance contracts existing between Defendant, and any party involved in any form of care and maintenance of the subject premises as specified in the complaint, at the time of Plaintiff's fall.

4.    Any and all reports, records, memorandum, agreements or documentation that in any way mention the maintenance of the Defendant's subject premises as described in the Complaint herein, that cover the period of three (3) years before the incident herein.


EXHIBIT
A

5.      Any and all pictures which Defendant has of the common areas, parking lots and walkways throughout the subject premises and/or the area where it is alleged the Plaintiff was injured.

6.      Any and all training manuals, safety manuals, safety publications, video tapes, etc., that are used by the Defendant or given to the Defendant's employees or agents concerning in any way, the care of the subject premises including the pavement throughout the common areas, in effect at the time of Plaintiff's fall.

7.      Copies of any and all time sheets and work schedules or other documents reflecting the names and job titles of any and all of Defendant's employees and/or agents whose job relates to the management and maintenance of the common areas, including the pavement and or entrance way described in the Complaint, over the date of incident November 3, 2019.

8.      Any and all policies of insurance in force and effect on the date of the incident complained of herein.

9.      Estimates of repair and/or paid repair bills for the subject premises, if any, relating to the issues identified in Plaintiff's Complaint.

10.     "Statements", within the meaning and definitions in Rule 1.280(b), Florida Rules of Civil Procedure, of the Plaintiff, the agents of the Plaintiff and employees, and independent witnesses as well as to the Plaintiff, bearing on the knowledge of facts relevant and material to the claim and defenses in the instant litigation, to be produced prior to any deposition of any said persons.

11.     All of the tangible things within the possession, custody, or control of the Defendant herein upon which the defenses and counter claims herein are based, and specifically, but not limited to, writings, drawings, graphs, charts, photographs, movies, slides, film, video tape, phonograph records and other recording devices, instruments, equipment, real and personal property, objects, goods and/or

vehicles or operations which are the subjects of the counter claims and defenses herein, so that the same may be inspected, copied, tested, measured,  surveyed, and photographed, pursuant to Rule 1.350, Florida Rules of Civil procedure.

12.    Any and all movies, motion pictures, security footage, and/or videotapes depicting the accident/incident on November 3, 2019 which is the subject matter of this lawsuit.

13.    Any and all movies, motion pictures, security footage, and/or videotapes depicting the Plaintiff walking on the Defendant's pavement and/or sidewalk/entranceway located on the subject premises over the date of the incident on November 3, 2019.

14.    Any and all photographs depicting the accident/incident on November 3, 2019 which is the subject matter of this lawsuit.

15.    Any and all photographs depicting the Plaintiff walking on the subject premises over the date of the incident on November 3, 2019.

16.    All ordinances, regulations, rules, statutes, customs and practices, and publications upon which your defenses and/or counter-claims herein are made.

17.    All documents and items specified in your Answers to Interrogatories as coming within Rule 1.350(c), Florida Rules of Civil Procedure, exercising the option to produce records in lieu of summary based on said records and reports.

18.    All statements obtained by you, or your attorneys, of the Plaintiff, the agents, servants and employees of the Plaintiff, either recorded or written, at the time of or subsequent to the subject incident.

19.    Copies of any "Mary Carter" Agreements entered into by you or on your behalf with any other Defendant, person, firm, or corporation whom you contend may have some liability exposure for the subject accident or incident.

20.    Copies of any and all materials, documents and/or reports regarding the Plaintiff, including ones taken of the incident in question.

21.    Copies of all documents, records, indexes, etc. regarding any alleged prior and/or subsequent injuries sustained by the Plaintiff.

22.    Any and all incident reports, accident reports and other notations and/or documentation regarding the reporting and/or investigation of the Plaintiff's fall.

23.    Copies of any and all policies, procedures or directives relative to the inspection and reporting of hazards on the Defendant's premises, specifically the pavement, sidewalks, walkways, entranceways and parking lot.

[CERTIFICATE OF SERVICE TO FOLLOW]

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with Summons and Complaint on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

Sea/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

Filing # 110289177 E-Filed 07/15/2020 02:58:14 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

       Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Foreign
for Profit Corporation,

       Defendant.

_____/

## OBJECTIONS TO REQUEST FOR ADMISSIONS

Defendant Costco Wholesale Corporation objects to the "Plaintiff's Corrected Request for Admissions to Defendant Costco Wholesale Corporation" as follows:

1.     This is a premises liability case in which the Plaintiff claims he was injured as a result of stepping in a pothole in the parking lot of our Boca Raton store.

2.     The Plaintiff served "Corrected Request for Admissions to Defendant Costco Wholesale Corporation" with the Complaint. A copy is attached hereto as Exhibit "A."

3.     The actual requests are preceded by a paragraph that purports to impose duties and obligations on Costco in responding to the Plaintiff's request that are not authorized by the Florida Rules of Civil Procedure. Accordingly, we object to the instructions that the Plaintiff purports to impose on us.

4.     In addition to the preceding objections, we object to request 4 as improperly asking Costco to address a legal duty, which is inappropriate.

5.      In addition to the preceding objections, we object to the following requests because they include the premise that the Plaintiff fell and/or was injured on our premises, which is a disputed issue in this case: 5 and 11.

6.      In addition to the preceding objections, and without waiving them, we object to the sixth request as misstating Florida law and because it improperly requests Costco to address a legal duty.

7.      In addition to the preceding objections, and without waiving them, we object to the following requests as being needlessly and unworkably overbroad and not focused on issues that would be the proper subject of a Request for Admissions in this case: 6, 7, 8, 9 and 11.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic Service via the Florida Courts E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on July 15, 2020, to: Aaron A. Karger, Esq., Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL  33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant
1600 West Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
(954) 568-6669; fax (954) 568-0085
Eservice: reception@ctkplaw.com
Secondary: tzaccour@ctkplaw.com

By: _____
      DAVID F. COONEY
      Florida Bar No. 260215

[20-0233/4089863/1]                          2

Filing # 109892308 E-Filed 07/07/2020 03:26:55 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

Case No.: 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

     Defendant.

_____/

## PLAINTIFF'S CORRECTED REQUEST FOR ADMISSIONS TO DEFENDANT COSTCO WHOLESALE CORPORATION

COMES NOW, the Plaintiff ALAN GELBSTEIN, by his undersigned counsel, and pursuant to Rule 1.370 Florida Rules of Civil Procedure, requests the Defendant, COSTCO WHOLESALE CORPORATION, to admit the truth of the matter set forth and numbered below within forty-five (45) days of the date these initial requests for Admissions were served upon the Defendant.

Any objection must specify the reasons why the requested admission is objected to by the defendant. Any answer shall specifically deny the requested admission or set forth in detail the reasons why a truthful admission is not possible. When in good faith only part of the matter can be answered or denied, the response shall specify as much of the matter as is true and shall qualify or deny the remainder.

## PRELIMINARY STATEMENT

Your attention is directed to Rule 1.370, Florida Rules of Civil Procedure, which provides that any denial shall be specifically made or set forth in detail the reasons why you cannot truthfully admit or deny the matter. Any denial shall fairly meet the substance of the requested admissions.



You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the requested admission.

In the event that a requested admission is denied and the plaintiff thereafter proves its truth, the defendant may be ordered to pay the plaintiff the reasonable expense incurred in proving the truth of that matter.

1.  Please admit that the full and proper name of the Defendant is COSTCO WHOLESALE CORPORATION.

2.  Please admit that on October November 3, 2019 the Defendant owned and controlled the subject premises located at 17800 Congress Avenue, Boca Raton, 33487 Palm Beach County, Florida.

4.  Please admit that on November 3, 2019, the Defendant, COSTCO owed a non-delegable duty to all invitees to keep the subject premises in a reasonably safe condition.

5.  Please admit that on or before November 3, 2019 the Defendant, COSTCO through its agents employees and/or servants, knew that the pavement on which Plaintiff fell posed a dangerous and hazardous condition.

6.  Please admit that the Defendant, COSTCO, was responsible for inspecting and/or maintaining all areas of the subject premises in order to ensure it was in a reasonably safe condition, including all pavement and parking lot areas over the date of incident November 3, 2019.

7.      Please admit that the Defendant, COSTCO, knew of at least one incident before November 3, 2019 where an individual had tripped and fallen while on its subject premises.

8.      Please admit that the Defendant, COSTCO, knew before Plaintiff's fall on November 3, 2019 that if their agents servants and/or employees did not maintain the subject premises in a reasonably safe manner, that it would present a dangerous and hazardous condition to invitees such as the Plaintiff.

9.      Please admit that there were no signs posted over the subject date of incident awhich warned invitees that a portion of pavement in the Defendant's parking lot on the subject premises was uneven and posed a trip hazard.

10.     Please admit that on November 3, 2019 no other entity and/or individual other than Defendant, COSTCO, owned the subject premises.

11.     Please admit that Defendant, COSTCO, breached its non-delegable duty to invitees, including Plaintiff by failing to maintain the subject premises in a reasonably safe condition and/or by failing to use the appropriate signs to warn invitees of the hazard, and as a result caused Plaintiff to suffer serious bodily injury.

12.     Please admit that the Defendant, COSTCO, is in possession of security photos, recordings, videos, reports and/or incident reports relative to the subject incident that occurred on November 3, 2019.

[CERTIFICATE OF SERVICE TO FOLLOW]

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Tel. 305.577.7772
Fax. 305.602.9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with Summons and Complaint on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation , FL 33324.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

Filing # 110289177 E-Filed 07/15/2020 02:58:14 PM

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. 50-2020-CA-007051-XXXX-MB

ALAN GELBSTEIN,

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Foreign for
Profit Corporation,

      Defendant.

_____/

## OBJECTIONS TO NOTICE OF TAKING DEPOSITION

Defendant Costco Wholesale Corporation objects to the Plaintiff's "Notice of Taking Deposition (Duces Tecum)" dated 07/04/2020 as follows:

1.     This is a premises liability case in which the Plaintiff claims to have been injured as a result of stepping in a pothole in the parking lot of Costco's location in Boca Raton.

2.     On 07/07/2020 the Plaintiff filed his "Corrected Complaint and Demand for Jury Trial."

3.     Three days before filing the Corrected Complaint, the Plaintiff filed a Notice of Taking Deposition (Duces Tecum) which purports to schedule the deposition of a Costco Corporate Representative pursuant to Rule 1.310(b)(6). A copy of the Notice of Taking Deposition is attached hereto as Exhibit "A."

4.     The Notice of Taking Deposition is defective in several ways. First, Rule 1.310(b)(6) requires the Plaintiff to "designate with reasonable particularity the matters on which examination is requested." The Plaintiff's notice does not do that. There is little or nothing about

the notice that advises Costco as to the questions for which it must have answers. For example, designation "5. The area within the Defendant's premises where the Plaintiff was harmed" does not tell Costco Wholesale Corporation the type of knowledge its witness needs to possess in order to answer questions intended by the Plaintiff.

5.      Second, other designations call for attorney/client information and/or work product information. For example:

2.    Defendant's response to each allegation of fact contained in the operative complaint in this case.

4.    Any and all affirmative defenses and basis for same.

7.    What if anything could have been done to prevent the harm suffered by Plaintiff.

8.    What duties Defendant Costco owed Plaintiff.

9.    If Defendant breached its duties to Plaintiff.

10.   If Defendant was negligent on the date that Plaintiff was harmed.

15.   All statements from Plaintiff.

16.   All statements from any person that relate in any way to the harm Plaintiff suffered from over [sic] the date of incident.

17.   Every lawsuit filed against Defendant for the five years preceding the harm Plaintiff suffered from over [sic] the date of incident.

6.      Third, several of the topics are objectionable because they incorporate the premise that the Plaintiff was harmed on our property, which is a matter in controversy. For example, topic #11 refers to policies and procedures in place from over [sic] the date *on which Plaintiff was harmed.*

7.      In addition to the preceding objections, several of the topics are unnecessarily and unworkably overbroad and not reasonably calculated to lead to the discovery of admissible evidence, such as:

[20-0233/4089746/1]                     2

1. The correct legal name and address of the individuals and/or entities who has [sic] any ownership, shareholder and management responsibilities relative to Costco from over [sic] the last five (5) years to present.

11. The Defendant's policies and procedures in place from over [sic] the date on which Plaintiff was harmed.

12. How Defendant ensured its policies and procedures were enforced on the date that Plaintiff was harmed.

13. Defendant's maintenance and training policies for any employees and staff for whom are responsible [sic] for upholding Defendant's policies and procedures.

17. Every lawsuit filed against Defendant for the five years preceding the harm Plaintiff suffered from over [sic] the date of incident.

19. The full name and address of all employees and/or independent contractors working for the Defendant on its common area during the last 5 years.

20. The names and contact information for the management staff for whom [sic] manages the Defendant's premises.

8. The notice is accompanied by a duces tecum which purports to require Costco to produce documents for the deposition. The duces tecum suffers from a number of defects which make it improper.

9. The following numbered paragraphs of the duces tecum are so broadly worded as to invade the work product and/or attorney/client privilege:

4. All statements from any person that relate in any way to the harm Plaintiff suffered over [sic] the date of the incident.

7. All depositions given by Defendant's corporate representatives for the subject premises in the five years preceding Plaintiff's injury.

8. All depositions given by Defendant's corporate representatives regarding safety and security relative to maintenance at Defendant's apartment complex [sic] in the

five years preceding Plaintiff's accident.

9.  A complete copy of any and all letters, warnings, notices (etc.) between the Defendant and construction to and installation of pavement/flooring [sic] on the Defendant's premises in the three years preceding Plaintiff's accident.

10. A complete copy of all warnings, fines (etc.) from any and all governmental agencies that address construction safety and security.

10. In addition to the preceding objections, and without waiving them, the following numbered paragraphs from the duces tecum are needlessly and unworkably overbroad and are not reasonably calculated to lead to the discovery of admissible evidence: 1, 5, 6, 9, 10 and 11.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was furnished via Electronic Service via the Florida Courts E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on July 15, 2020, to: Aaron A. Karger, Esq, Law Offices of Aaron A. Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL 33132 (aaron@aak-law.com; service@aak-law.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant
1600 West Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
(954) 568-6669; fax: (954) 568-0085
Eservice: reception@ctkplaw.com
Secondary: tzaceour@ctkplaw.com

By: _____
    DAVID K. COONEY
    Florida Bar No. 260215

[20-0233/4089746/1]                    4

Filing # 109778917 E-Filed 07/04/2020 08:23:11 PM

IN THE CIRCUIT COURT FOR THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALAN GELBSTEIN,                                    Case No.:

        Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a Foreign for Profit Corporation,

        Defendant.

_____/

## NOTICE OF TAKING DEPOSITION

### (Duces Tecum)

PLEASE TAKE NOTICE that the undersigned attorney will take the deposition of:

NAME: Corporate Representative(s) of COSTCO WHOLESALE CORPORATION
("Defendant" or "COSTCO") (to be designated by the Defendant) pursuant to the Rule of Civil
Procedure 1.310(b)(6) to testify about matters known or reasonably available to the organization
in reference to:

1. The correct legal name and address of the individuals and/or entities who has any
   ownership, shareholder and management responsibilities relative to COSTCO from
   over the last five (5) years to present.

2. Defendant's response to each allegation of fact contained in the operative complaint
   in this case.

3. The fall Plaintiff suffered over the date of incident due to the disrepair and or
   defective nature of Defendant COSTCO'S walkway throughout the common areas
   and/or parking lot of its premises, resulting in severe injury to Plaintiff.

4. Any and all affirmative defenses and the basis for same.

5. The area within the Defendant's premises where the Plaintiff was harmed.

6. The existence of, creation, number of, when same were taken and who took any and
   all photographs of the area where Plaintiff was harmed and policies and procedures
   related to the documenting of same, preservation of same and destruction of same.

EXHIBIT

A

7.  What if anything could have been done to prevent the harm suffered by Plaintiff.

8.  What duties Defendant COSTCO owed Plaintiff.

9.  If Defendant breached its duties to Plaintiff.

10. If Defendant was negligent on the date that Plaintiff was harmed.

11. Defendant's policies and procedures in place from over the date on which Plaintiff was harmed.

12. How Defendant ensured its policies and procedures were enforced on the date that Plaintiff was harmed.

13. Defendant's maintenance and training policies for any employees and staff for whom are responsible for upholding Defendant's policies and procedures.

14. Defendant's process for recording any and all complaints and incidents at the Defendant's premises.

15. All statements from Plaintiff.

16. All statements from any person that relate in any way to the harm Plaintiff suffered from over the date of incident.

17. Every lawsuit filed against Defendant for the five years preceding the harm Plaintiff suffered from over the date of incident.

18. The full name and address of the individual or entity that maintained common resident's area on the Defendant's premises where Plaintiff fell and injured himself.

19. The full name and address of all employees and or independent contractors working for the Defendant on its common area during the last 5 years.

20. The names and contact information for the management staff for whom manages the Defendant's premises.

DATE:                         September 14, 2020

TIME:                         10:00 A.M.

PLACE:                        US Legal Support

                              1900 Corporate Blvd NW, Suite 200
                              Boca Raton, FL 33431

upon oral examination before U.S. Legal, or other notary public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day-to-day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the Court. Plaintiff requests that the named deponent in accordance with the Florida Rules of Civil Procedure produce at the time of said deposition, the items listed on the attached Duces Tecum.

Respectfully submitted,

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.
FBN: 93226
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
16211 NE 18th Avenue
Suite 200
North Miami Beach, FL 33162
Telephone: (305) 577-7772
Fax: (305) 602-9357
E-mail: aaron@aak-law.com
E-Service: service@aak-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with Summons and Complaint on Defendant, Costco Wholesale Corporation, Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation , FL 33324.

/s/ Aaron A. Karger
AARON A. KARGER, ESQ.

## DUCUS TECUM

1. Any and all documents which reflect the names and addresses of any and all individuals, business entities and/or public entities who have any ownership, maintenance and/or repair responsibilities for the instant premises.

2. Color copies of all photographs taken of the area where Plaintiff sustained his injury.

3. All statements from Plaintiff.

4. All statements from any other person that relate in any way to the harm Plaintiff suffered over the date of the incident.

5. All documents relating to the qualifications of every employee and independent contractor working at the Defendant's premises on its grounds throughout its subject common area.

6. All construction and safety related training provided to Defendant's employees and independent contractors for the five years preceding the date on which Plaintiff was harmed.

7. All depositions given by the Defendant's corporate representatives for the subject premises in the five years preceding Plaintiff's injury.

8. All depositions given by the Defendant's corporate representatives regarding safety and security relative to maintenance at Defendant's apartment complex in the five years preceding Plaintiff's accident.

9. A complete copy of any and all letters, warnings, notices and other correspondence (written and electronic) between the Defendant and construction to and installation of pavement/flooring on the Defendant's premises in the three years preceding Plaintiff's accident.

10. A complete copy of any and all warnings, fines and other notices from any and all governmental agencies that address construction safety and security at the Defendant's premises.

11. A complete roster of the names and contact information for the management staff for whom manages COSTCO WHOLESALE CORPORATION.