IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALAN GELBSTEIN,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a
Foreign Profit Corporation,

    Defendant.
_____/

## COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, COSTCO WHOLESALE CORPORATION, a Foreign Profit Corporation, hereby files its Notice of Removing this case to the United States Southern District of Florida from the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, and states:

1. This action was commenced on July 7, 2020 in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No.: 50-2020-CA-007051.

2. This is a civil action in which Plaintiff ALAN GELBSTEIN claims bodily injuries by virtue of him allegedly stepping into a hole in a Costco parking lot.

3. The removal of this case is authorized by the provisions of 28 U.S.C. §1441, *et seq.*

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because this case involves a controversy between a plaintiff who is a citizen of the State of New York and a defendant that is a citizen of the State of Washington, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs, and attorney's fees.

**Diversity of citizenship**

5.      Defendant, COSTCO WHOLESALE CORPORATION, a Foreign Profit Corporation, is a citizen of the State of Washington because it is a Washington corporation with its principal place of business in Washington.  See 28 U.S.C.A. § 1332(c)(1) (providing that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business); see Exh. A.

6.      Plaintiff ALAN GELBSTEIN is and has been at all times material a citizen of the State of New York.  See generally Huchon v. Jankowski, 2007 WL 221421 (S.D. Fla. Jan. 25 2007); Lieberman v. Lm General Ins. Co., 2015 WL 111980006, at *1 (S. D. Fla. Jan. 26, 2015) ("Here, Defendant has alleged in its Notice of Removal that Plaintiff is a citizen of Florida and that Defendant is a citizen of Illinois and Massachusetts. Plaintiff has not contested this representation, either through allegations in the Amended Complaint or in her Response. 'Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie existence of federal jurisdiction.'" (internal citation omitted)).

**Amount in controversy**

7.      The complaint, ¶1, alleges only that this is an action for damages in excess of $30,000, which is the State court jurisdictional threshold.  (See Exh.B).  However, based on Plaintiff's pre-suit demand letter[1] and Plaintiff's denial of Defendant's request for admission concerning whether he agrees that damages are capped at $75,000, Defendant

---

[1] Plaintiff's counsel deemed the settlement letter confidential and thus Costco will not attach the letter to this Notice of Removal or reference the requested settlement amount without Court permission.

submits that the requisite amount in controversy has been met. (Exh.C; Exh.D); see Wilson v. Target Corp., 10-80451-CIV-MARRA, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010) ("The Court therefore holds that Wilson's pre-suit demand, considered in conjunction with Wilson's intentionally equivocal response to Target's request for admissions and the unspecified damages in Wilson's complaint, demonstrates Target has shown, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.").

**Timeliness**

8. The complaint was served on July 7, 2020; however, the basis for this removal is not premised on Plaintiff's Complaint but is instead based on Plaintiff's responses to Defendant's Request for Admissions, in which Plaintiff "denied as phrased" Defendant's request that "Plaintiff agrees that the damages in this case are capped at, or limited to, a maximum of $75,000" and Defendant's request that "Plaintiff will not seek damages exceeding $75,000." (See Exh.C; Exh.D); see 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."); see Wilson, 2010 WL 3632784 at *3 ("Thus, when Wilson's complaint only alleged damages in excess of $15,000.00, the minimum jurisdictional amount required for Florida state courts of general jurisdiction, Target was justified in seeking record confirmation from Wilson, through discovery, that the amount in controversy actually exceeded the jurisdictional amount for a United States district court. When Target received Wilson's response to its request for admissions,

stating that she could not admit or deny the amount in controversy exceeded $75,000.00, Target was justified in considering that response an "other paper" within the meaning of 28 U.S.C. § 1446(b), from which it may first be ascertained that the case was removable.").

9. This Notice of Removal is being timely filed within 30 days after August 16, 2020, the date the responses to the requests for admission were received.

**Procedural matters**

10. A copy of all process, pleadings, and orders served upon the Defendant is attached hereto as Composite Exhibit E.

11. COSTCO will give written notice of the filing of this notice as required by U.S.C. §1446(d).

12. A copy of this notice will be filed with the Clerk of the Circuit Court, in and for Palm Beach County, Florida, as required by 28 U.S.C. §1446(d).

WHEREFORE, COSTCO WHOLESALE CORPORATION, a Foreign Profit Corporation, respectfully requests this action be removed to this Court.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY the undersigned electronically filed on this ___ day of September 2020 the foregoing with the Clerk of Court by using CM/ECF system, which will send a notice of electronic filing to the following:   Aaron A. Karger, Esq., Law Offices of Aaron A.

Karger, P.A., One N.E. 2nd Avenue, #200, Miami, FL 33132 (aaron@aak-law.com; service@aak-law.com).

> COONEY TRYBUS KWAVNICK PEETS
> Attorneys for Defendant
> 1600 W. Commercial Blvd., #200
> Fort Lauderdale, FL 33309
> (954) 568-6669; fax: (954) 568-0085
> Primary e-mail:  reception@ctkplaw.com
> Secondary e-mail:  tzaccour@ctkplaw.com

By: _____
*"(Signed by attorney electronically after review)"*
   DAVID F. COONEY
   Florida Bar No. 260215